**B.F. HIRSCH, INC., Plaintiff,**

v.

**ENRIGHT REFINING COMPANY, Defendant.**

**Civ. A. No. 81–1064.**

United States District Court, D. New Jersey.

Sept. 9, 1985.

Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney by Lawrence T. Neher, Roseland, N.J., Schulte Roth & Zabel by Robert M. Abrahams, Aegis J. Frumento, New York City, for plaintiff.

McCarter & English by John L. McGoldrick, John F. Brenner, Newark, N.J., for defendant.

## OPINION

CLARKSON S. FISHER, Chief Judge.

On November 17, 1983, this court entered judgment in favor of plaintiff, B.F. Hirsch, based on the court's findings that defendant, Enright Refining Co., Inc., had breached its contract with plaintiff when it charged a retainage fee, that Enright committed fraud by intentionally misleading plaintiff and deliberately concealing its retainage fee, and that Enright's conduct violated section 1962(c) of the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968 (1983). *B.F. Hirsch, Inc. v. Enright Refining Co., Inc.,* 577 F.Supp. 339 (D.N.J.1983). This court determined the appropriate measure of damages for Enright's breach of contract and awarded plaintiff treble damages and attorney's fees as allowed by the RICO statute. 18 U.S.C. § 1964(c).

On appeal of this court's order, the Court of Appeals for the Third Circuit affirmed this court's judgment to the extent that it was based on the breach of contract and fraud claims and found no error in the calculation of damages. *B.F. Hirsch v. Enright Refining Co., Inc.,* 751 F.2d 628 (3d Cir.1984). The Third Circuit did, however, vacate that portion of the judgment which was based on the RICO statute, 18 U.S.C. § 1962(c), and remanded the case to this court with directions "to consider whether the evidence establishes a section 1962(c) violation and whether the plaintiff has established the elements necessary to present a civil cause of action for a violation of section 1962(a)." *B.F. Hirsch,* 751 F.2d at 634.

The underlying facts of this case are amply discussed in this court's earlier opinion as well as in the opinion of the Third Circuit Court of Appeals and need not be repeated here. Initially, I determined that Enright's actions violated section 1962(c) of RICO which reads

[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. 1962(c). This determination was premised on the conclusion "that it is within the proper statutory construction [of section 1962(c)] to treat a defendant as both an 'enterprise' and a 'person,' the terms being not mutually exclusive." *B.F. Hirsch*, 577 F.Supp. at 347. In this case, the "person" charged with liability, Enright, is the same entity as the entity fulfilling the "enterprise" requirement. On this point the Third Circuit has instructed that the language of section 1962(c) "contemplates that the 'person' must be associated with a *separate* 'enterprise' before there can be RICO liability on the part of the 'person'". *B.F. Hirsch*, 751 F.2d at 633 (emphasis added). Consequently, the Third Circuit vacated the RICO portion of this court's judgment. Alas, "all that glitters is not gold." Shakespeare, *Merchant of Venice*, Act II, sc. vii.

Pursuant to the opinion and judgment of the Third Circuit, it is now incumbent upon this court to determine whether Enright, by its conduct, violated section 1962(a). Title 18 U.S.C. § 1962(a) states, in pertinent part that

[i]t shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a). Enright argues that B.F. Hirsch is precluded from recovering under section 1962(a) by its failure to plead and prove a case against an entity other than Enright Refining Company, Inc. Enright asserts that "[s]ection 1962(a), like 1962(c), requires the existence of two entities: a 'person' who has received income through participation as a principal in a pattern of racketeering activity, and an 'enterprise' which the 'person' acquires an interest in, establishes, or operates with the illegally obtained income." Defendant's Brief on Remand at 9. Recent authority on this issue, however, indicates otherwise.

■ In *Haroco, Inc. v. American National Bank & Trust Co.*, 747 F.2d 384, 402 (7th Cir.1984), *aff'd*, — U.S. —, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985), the Seventh Circuit held that "[s]ubsection (a) [of § 1962] does not contain any of the language in subsection (c) which suggests that the liable person and the enterprise must be different. Under subsection (a), therefore, the liable person may be a corporation using the proceeds of a pattern of racketeering activity in its operations." This interpretation is consistent with both the language of the statute cited and the intent of Congress in enacting RICO. *See Russello v. United States*, 464 U.S. 16, 26–28, 104 S.Ct. 296, — – —, 78 L.Ed.2d 17 (1983); *United States v. Turkette*, 452 U.S. 576, 591, 101 S.Ct. 2524, 2532, 69 L.Ed.2d 246 (1981). In *Sedima, S.P.R.L. v. Inrex Co. Inc.*, — U.S. —, 105 S.Ct. 3275, 3286, 87 L.Ed.2d 346 (1985), the Supreme Court concluded that

RICO is to be read broadly. This is the lesson not only of Congress' self-consciously expansive language and overall approach, but also of its express admonition that RICO is to "be liberally construed to effectuate its remedial purposes." The statute's "remedial purposes" are nowhere more evident than in the provision of a private right of action for those injured by racketeering activity.

(citations omitted). This application of sections 1962(a) and (c) is also consistent with

the principle that a corporation should not be held liable if it is merely the victim or prize of a fraud perpetrated by an employee, but that the corporation should be liable if it has itself been the perpetrator or beneficiary of the fraud. Thus, under section 1962(a), a corporation can be held liable when it is actually the perpetrator or beneficiary, direct or indirect, of the pattern of racketeering activity.

In the instant case, plaintiff's initial complaint alleged violations of section 1962(a) as well as 1962(c). The RICO portion of the judgment entered against Enright, however, was based solely on section 1962(c). This court specifically declined to consider plaintiff's allegations in relation to section 1962(a). *B.F. Hirsch*, 577 F.Supp. at 346. Having reviewed the evidence adduced at trial, this court now concludes that plaintiff has sufficiently pled and proved a cause of action against Enright pursuant to section 1962(a). Specifically, the court finds that Enright is a "person," that it received income from a "pattern of racketeering activity," and that it used or invested the ill-gotten income in the operation of an "enterprise" engaged in interstate commerce, namely, itself.

Enright satisfies the definitional requirements of both the "person" and "enterprise" entities referred to in section 1962(a). 18 U.S.C. §§ 1961(3) and (4). It is undisputed that Enright engaged in, and its activities affected, interstate commerce. The court finds that Enright engaged in and received income, directly or indirectly, from a "pattern of racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(5). This conclusion reflects the court's earlier finding that Enright's conduct with regard to its undisclosed retainage constituted such a pattern. *B.F. Hirsch*, 577 F.Supp. at 347. Enright inevitably used or invested, directly or indirectly, all or part of the income received from a pattern of racketeering activity in the operation of its own business. Finally, the court reaffirms its earlier conclusion that plaintiff has the requisite standing to recover under section 1964(c) of RICO. That is, plaintiff has suffered a racketeering injury by reason of Enright's violation of section 1962(a).

This court's earlier calculation of plaintiff's damages, $111,175.84, was reviewed and affirmed by the Third Circuit. Pursuant to RICO section 1964(c), plaintiff is entitled to three times that amount. Judgment will be entered in favor of plaintiff, B.F. Hirsch, against defendant, Enright, in the amount of $333,527.52 plus interest and costs as indicated in the earlier opinion of the court. Counsel for plaintiff shall submit an order forthwith.