Dorothy GILBERT, on behalf of herself
and all others similarly
situated, Plaintiffs,

v.

PRUDENTIAL–BACHE SECURITIES,
INC., et al., Defendants.

Civ. A. No. 83–1513.

United States District Court,
E.D. Pennsylvania.

April 7, 1986.
On Motion for Reconsideration
May 5, 1986.

Donald B. Lewis, Philadelphia, Pa., for plaintiff.

Daniel Bacine, Philadelphia, Pa., for Prudential-Bache Securities, Inc.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

The efforts of counsel for the parties in pursuing pretrial motions addressing the RICO claims asserted in Count IV of plain-

tiff's Complaint have been vigorous, tireless, and seemingly endless.

At an early stage, I dismissed the RICO claims under F.R.Civ.P. 12(b)(6), opining that RICO was not intended to supplant or supplement the existing scheme of remedies for violations of the securities laws. I certified that ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In due course, in the wake of *Sedima S.P. R.L. v. Imerex Co., Inc.*, —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed 2d 346 (1985), the Court of Appeals reversed and remanded the RICO claims. Since my ruling had been based upon the erroneous view that Congress did not intend RICO to apply at all in this situation, the Court of Appeals expressly declined to consider defendants' alternative argument that no separate "enterprise" had been adequately identified, hence dismissal was proper under *B.F. Hirsch v. Enright Co., Inc.*, 751 F.2d 628 (3d Cir.1984).

After the remand, defendants again sought dismissal, invoking the *Enright* decision. The motion was denied, on the theory that it was now the "law of the case" that plaintiff's Complaint withstood dismissal under F.R.Civ.P. 12(b)(6). Meanwhile, however, individual plaintiffs in related cases arising in the same factual context as the present class action were denied leave to amend their Complaints to add a RICO claim, on the basis of the *Enright* decision.

The defendant Bache has now filed a motion for partial summary judgment, again seeking dismissal of the RICO count; and the matter has again been extensively briefed (memorandum in support of defendant's motion, memorandum in response, reply memorandum, and supplemental memorandum in response to the reply).

It is helpful to review the pertinent statutory provisions. 18 U.S.C. § 1964(c) provides:

"Any person injured in his business or property by reason of a violation of § 1962 of this chapter may sue therefore in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fees."

Section 1962, violation of which may give rise to a civil cause of action under this language, contains four subsections, the pertinent parts of which provide as follows:

"(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce...."

"(b) It shall be unlawful for any person through a pattern of racketeering activity ... to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

"(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

"(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section."

The defendant Bache argues that plaintiff's Complaint asserts only claims under subsection (c) and possibly subsection (d), and must be dismissed because no "enterprise" other than the defendant itself can be shown to have been involved in the alleged pattern of racketeering activities. Plaintiffs dispute this, contending that, broadly read, the Complaint suffices to allege claims arising under subsection (a) as well, and that, under subsection (a), no separate "enterprise" need be shown. The defendant counters with the assertion that

this amounts to an untimely motion to amend the Complaint.

Initially, I reject defendants' procedural argument. I believe the Complaint can properly be read to assert claims under any and all sections of the RICO statute which may be pertinent. In any event, the various subparts of § 1962 are so closely related that it is unlikely that such an amendment would cause prejudice. And the argument about untimeliness loses much of its force by virtue of the recent joint request by all parties for postponement of the scheduled trial. I therefore address the merits of the defendant's motion on the assumption that plaintiffs are asserting claims under the RICO statute in general and each and every one of its parts.

■ It is the law of this circuit that a defendant may not be held liable under § 1962(c) unless, through a pattern of racketeering activities, it conducts (or participates in the conduct of) the affairs of an enterprise other than itself. *B.F. Hirsch v. Enright Refining Co., supra.* Specifically, before the defendant Bache can be held liable under § 1962(c), it must be shown that Bache conducted the affairs of an enterprise other than Bache, through the alleged pattern of racketeering activities. In my judgment, that showing has not been, and cannot be, made in this case. In this context, the various branch offices of Bache must be regarded as simply a part of the defendant Bache, and not as separate entities—even within the flexible definitions of RICO. Moreover, it was plainly the business of the defendant Bache which was being conducted through the alleged pattern of racketeering activities, and not any separately identifiable business of the various branches.

■ Plaintiffs make a further argument that, even if Bache may not be held directly liable under § 1962(c), the individual defendants can be, and Bache would be liable for their activities on a respondeat superior theory. I reject that argument, as inconsistent with *B.F. Hirsch v. Enright Refining Co., supra.* To accept plaintiff's argument would be to read the enterprise requirement out of the statute entirely, whenever a corporate defendant is involved.

I therefore conclude that, to the extent plaintiffs are seeking to recover under § 1962(c), Bache's motion for partial summary judgment must be granted. That leaves the claims under § 1962(a) and (d).

Plaintiffs correctly argue that there is no separate "enterprise" requirement under § 1962(a), and that a conspiracy under § 1962(d) may have as its object a violation of (a). In short, plaintiffs contend that Bache can be held liable for a conspiracy under (d) and for violations of (a).

■ The difficulty with the § 1962(a) argument, in my view, is that, on the undisputed facts of this case, plaintiffs lack standing to pursue a claim for damages under that section. Stated otherwise, on this record it is inconceivable that plaintiffs suffered any injury as a result of any violation of § 1962(a) which might have occurred. The damages claimed by these plaintiffs were caused by the alleged pattern of racketeering activities, culminating in the challenged securities transactions; whether the defendants did or did not invest the proceeds in a business affecting commerce cannot have been causally related to any injury to plaintiffs.

I have not overlooked the later developments in the *B.F. Hirsch v. Enright Refining Co.* case, *supra.* In that case, the district court had initially imposed liability under § 1962(c). The Court of Appeals reversed, because no separate "enterprise" had been shown, but noted that there was no such requirement under § 1962(a). The case was remanded for further proceedings, whereupon, in an opinion reported at 617 F.Supp. 49 (D.N.J.1985), the district court held that defendant's conduct was also a violation of § 1962(a), and reinstated its judgment for treble damages. That case was not a securities case, however, and the district court expressly found—albeit without elaboration—" ... plaintiff has suffered a racketeering injury by reason of Enright's violation of § 1962(a)."

No such finding would be tenable on this record.

■ In my view, plaintiffs' claims under § 1962(d) either stand or fall depending upon the fate of their claims under (a) or (c). That is, a conspiracy under § 1962(d) to violate § 1962(c) cannot be established without showing a separate "enterprise"; and a conspiracy under § 1962(d) to violate § 1962(a) can have had no causal connection with any damages sustained by these plaintiffs.

For all of these reasons, defendant Bache's motion for partial summary judgment will be granted, and Count IV of the plaintiffs' Complaint will be dismissed.

### On Motion for Reconsideration

Plaintiff has moved for reconsideration of this court's Order of April 7, 1986, granting summary judgment in favor of defendant Prudential-Bache Securities, Inc. on plaintiff's RICO claims, asserted in Count IV of the Complaint.

To recapitulate, I ruled that plaintiff cannot prevail on her claims based upon 18 U.S.C. § 1962(c) because the defendant Bache cannot be both the "enterprise" and the person "associated with" the enterprise and conducting its affairs; and that plaintiff cannot prevail on her claims based upon 18 U.S.C. § 1962(a) or (d), because of the absence of any possible causal relationship between the alleged violation of those sections and plaintiff's damages. Plaintiff's motion for reconsideration asserts that my ruling was in error on the § 1962(a) issue. Plaintiff asserts that this ruling is inconsistent with the recent Third Circuit Opinion in *Penturelli v. Spector, Cohen, Gadon & Rosen*, 779 F.2d 160 (3d Cir.1985) and two decisions of the Seventh Circuit, *Haroco v. American National Bank & Trust Co. of Chicago*, 747 F.2d 384 (7th Cir.1984) and *Masi v. Ford City Bank & Trust Co.*, 779 F.2d 397 (7th Cir. 1985). I believe plaintiff's argument is based upon an incorrect reading of those decisions.

In *Penturelli*, our Court of Appeals merely reiterated what has been plain ever since the Supreme Court's decision in *Sedima v. Imerex Co., Inc.*, — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), namely, that it is not necessary for a RICO plaintiff to establish "racketeering injury" or any form of damages, however labeled, which is distinct from and in addition to the damages caused by the predicate acts of racketeering themselves. My April 7 ruling is entirely consistent with that concept. The issue is one of causation, not some special category of injury.

In *Haroco*, the 7th Circuit Court of Appeals, in *dictum*, expressed the view that for purposes of § 1962(a)—as distinguished from § 1962(c)—there is no requirement of a separate "enterprise". Since the *Haroco* plaintiff had withdrawn all § 1962(a) claims, however, the precedential value of that holding did not become solidified until it was adopted as the holding of the court in *Masi*, a § 1962(a) case.

I do not believe my ruling is inconsistent with the views expressed by the Seventh Circuit in these cases. Indeed, it was and is my intention expressly to accept the following reasoning of the *Haroco* court:

"This holding [that no 'racketeering injury' need be shown] by no means renders superfluous the requirement in § 1964(c) that the plaintiff be injured 'by reason of' a violation of § 1962. As we read this 'by reason of' language, it simply imposes a proximate cause requirement on plaintiffs. The criminal conduct in violation of § 1962 must, directly or indirectly, have injured the plaintiff's business or property ... This causation requirement might not be subtle, elegant or imaginative, but we believe it is based on a straightforward reading of the statute as Congress intended it to be read." 747 F.2d at p. 398.

As I tried to make clear in my April 7 Memorandum, plaintiff can recover treble damages under RICO if she suffered injury "by reason of a violation of § 1962...." Section 1962 can be violated in various ways, depending upon which subsection is

violated; and the violations can have varying consequences, depending upon which subsection is involved. Subsection (c) is violated when a person conducts the affairs of an enterprise through a pattern of racketeering activity; obviously, persons injured by the predicate acts themselves have been injured "by reason of" a violation of § 1962(c).

Under subsection (a), however, the violation consists of using or investing the proceeds of a pattern of racketeering activity. A person who may have been injured by the predicate acts of racketeering cannot be said to have thereby been injured by the investment of the proceeds.

Plaintiff makes two arguments which bear brief mention. It is argued that, unless persons like this plaintiff are accorded "standing" to pursue civil claims based upon violations of § 1962(a), there can be no civil liability for violating that section. Even if this were correct, it would not justify disregarding the plain language of § 1964(c) and § 1962(a). The RICO statute, after all, is primarily a criminal statute; and I know of no universal legal principle to the effect that every criminal offense must give rise to a corresponding civil action for damages. But I believe the premise is flawed: using the proceeds of racketeering activities to infiltrate legitimate businesses can obviously cause damage to many persons, who would have a perfect right to sue. It just happens that plaintiff is not among them, in my view.

The final point is that, as alluded to in my April 7 Memorandum, the earlier ruling of the Court of Appeals in this case establishes, as the "law of the case," the F.R. Civ.P. 12 adequacy of plaintiff's complaint of RICO violations. I believe that probably is correct, notwithstanding the fact that the Court of Appeals expressly refrained from deciding some of the issues implicated in my April 7 ruling. But I remain persuaded that, under any view of the matter, the presumed adequacy of plaintiff's Complaint, as a matter of pleading under Rule 12, does not preclude a successful application for summary judgment of dismissal

under Rule 56. Inasmuch as the defendants' motion, and all of the reams of papers which have been filed in response, rebuttal and reply since the motion was filed, have to do with a motion for "partial summary judgment," I simply do not understand plaintiff's assertion that it is somehow inappropriate to dispose of this issue pursuant to F.R.Civ.P. 56.

In my view, there is not, and cannot be, a genuine issue of material fact as to whether these plaintiffs suffered injury "by reason of" the manner in which the proceeds of the alleged racketeering activities may have been used. Not only has plaintiff failed to submit any affidavits or other evidence in support of any such causation, but no rationally acceptable theory of causation has been advanced in any of plaintiff's briefs. I therefore decline to disturb my April 7 ruling.