829 F.2d 648
 RICO Bus.Disp.Guide 6743
 H.J. INC., a Minnesota corporation, Kirk Dahl, Larry Krugen
and Mary Krugen, individually and d/b/a Photo Images, Susan
Davis, Robert Neal, Issac H. Ward, Richard L. Anderson,
Thomas J. Mott, and all others similarly situated, Appellants,
v.
NORTHWESTERN BELL TELEPHONE COMPANY, A SUBSIDIARY OF U.S.
WEST, A.B.C. individually and D.E.F. as
corporations, and other unnamed
coconspirators, Appellees.
 No. 87-5121.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 2, 1987.
Decided Sept. 22, 1987.
Rehearing and Rehearing En Banc Denied Oct. 23, 1987.
 
 John Cochrane, St. Paul, Minn., for appellants.
 John French, Minneapolis, Minn., for appellees.
 Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 Plaintiffs appeal from the district court's[1] order dismissing their complaint for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6); H.J. Inc. v. Northwestern Bell Telephone Co., 648 F.Supp. 419, 430 (D.Minn.1986). Appellants' complaint alleged, inter alia, violations of the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. Secs. 1961-68 (RICO). We affirm.
 
 
 2
 Because appellants' complaint was dismissed pursuant to Rule 12(b)(6), we view the facts alleged in their complaint in the light most favorable to them. Bennett v. Berg, 685 F.2d 1053, 1057-58 (8th Cir.1982), cert. denied, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). The gravamen of appellants' complaint is that appellee Northwestern Bell Telephone Company undertook to illegally influence members of the Minnesota Public Utilities Commission (MPUC), the state regulatory body responsible for determining the rates which Northwestern Bell may charge. Appellants claim that Northwestern Bell sought to influence individual MPUC commissioners by various methods including cash gifts, employment offers, tickets to sporting and cultural events, airline tickets, meals and parties. Appellants allege a series of episodes beginning in 1980 and claim the practices continue through the present. The district court dismissed appellants' RICO claims for failure to allege a pattern of racketeering activity. H.J. Inc., 648 F.Supp. at 423-26.
 
 
 3
 The core requirement for a RICO violation is a pattern of racketeering activity. 18 U.S.C. Sec. 1962. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 105 S.Ct. 3275, 3287, 87 L.Ed.2d 346 (1985). At the minimum, at least two acts of racketeering activity[2] are required to establish a pattern. Sedima, 105 S.Ct. at 3285 n. 14. However, "while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a 'pattern.' " Id. Prior to Sedima the pattern requirement could be met by simply pleading two acts of racketeering activity. See Superior Oil Co. v. Fulmer, 785 F.2d 252, 255-56 (8th Cir.1986). In Sedima the Supreme Court chastised Congress and the courts for failing to develop a workable definition of "pattern" which would limit the abuse of civil RICO. Sedima, 105 S.Ct. at 3287. Accordingly, this circuit has undertaken more meaningfully to construe the concept of "pattern."
 
 
 4
 We have followed the Sedima Court's intimations and have required the combination of continuity plus relationship to establish the necessary pattern. Superior Oil, 785 F.2d at 257. See Holmberg v. Morrisette, 800 F.2d 205, 209-10 (8th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1953, 95 L.Ed.2d 526 (1987). "The term 'pattern' itself requires the showing of a relationship.... So, therefore, proof of two acts of racketeering activity, without more, does not establish a pattern...." 116 Cong.Rec. 18940 (1970) (statement of Sen. McClellan), quoted in Sedima, 105 S.Ct. at 3285 n. 14. The relationship prong is met when two or more racketeering acts are shown to be in pursuit of the same overarching scheme. See Holmberg, 800 F.2d at 210; Superior Oil, 785 F.2d at 257. The district court found that appellants' complaint satisfied the relationship prong. H.J. Inc., 648 F.Supp. at 425. We agree.
 
 
 5
 The burden of establishing the continuity prong has proven more onerous. "The target of [RICO] is ... not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of continuity plus relationship which combines to produce a pattern." S.Rep.No. 91-617, p. 158 (1969), quoted in Sedima, 105 S.Ct. 3285 n. 14. In order to demonstrate the necessary continuity appellants must allege that Northwestern Bell "had engaged in similar endeavors in the past or that [it was] engaged in other criminal activities." Deviries v. Prudential-Bache Securities, Inc., 805 F.2d 326, 329 (8th Cir.1986). A single fraudulent effort or scheme is insufficient. Id. See also Ornest v. Delaware North Cos., 818 F.2d 651, 652 (8th Cir.1987) (single scheme over eight years to defraud plaintiffs of sales commissions); Madden v. Gluck, 815 F.2d 1163, 1164 (8th Cir.1987) (defendant engaged in a vast array of fraudulent activities in pursuit of a single goal to keep a company afloat in order to loot it). Appellants' complaint alleges no more than a series of fraudulent acts "committed in furtherance of a single scheme to influence MPUC commissioners...." H.J. Inc., 648 F.Supp. at 425.
 
 
 6
 The district court did not err in finding that appellants' complaint failed to satisfy the continuity prong as articulated in this circuit.[3] Therefore, because dismissal was appropriate under Rule 12(b)(6), we do not address the other issues raised in this appeal. The decision of the district court is affirmed.[4]
 
 
 7
 McMILLIAN, Circuit Judge, concurring.
 
 
 8
 I fully concur in the decision to affirm the district court's dismissal of the complaint for failure to satisfy the continuity prong of the pattern of racketeering activity test adopted by this circuit. I write separately only to state that I agree with Judge John R. Gibson that we should reconsider our pattern of racketeering activity test, in light of the contrary positions recently taken by several other circuits.
 
 
 9
 JOHN R. GIBSON, Circuit Judge, concurring.
 
 
 10
 I concur in the court's opinion because I am satisfied that this result is compelled by our earlier cases commencing with Superior Oil Co. v. Fulmer, 785 F.2d 252 (8th Cir.1986). In Henning v. First Bank of Worthington, No. 86-5320 (8th Cir. July 7, 1987), I concurred separately and expressed my view that the multiple scheme requirement that we have grafted onto the pattern element strays from the statutory language of RICO. The Second and Seventh Circuits, and now the Ninth Circuit, as well as numerous district courts and a respected scholar in this field, have criticized our position.[1]
 
 
 11
 I believe, as stated in my separate concurrence in Henning, that when a proper case arises the multiple scheme requirement should be examined by the court en banc.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota
 
 
 [2]
 "Racketeering activity" has been defined to include a broad range of criminal offenses. 18 U.S.C. Sec. 1961(1)
 
 
 [3]
 We are aware that our continuity plus relationship approach to the pattern requirement is not without criticism. See Sun Savings & Loan Association v. Dierdorff, 825 F.2d 187 (9th Cir.1987); United States v. Ianniello, 808 F.2d 184, 192 (2d Cir.1986)
 
 
 [4]
 Appellants also alleged in their complaint pendent state law claims which were dismissed by the district court when the basis for pendent jurisdiction (the RICO claim) was dismissed. At oral argument the court was advised that state court proceedings had been or were to be initiated. We, of course, do not reach any such claims in this opinion
 
 
 [1]
 See Henning, supra, footnote 5, and Sun Savings & Loan Assn. v. Dierdorff, 825 F.2d 187 (9th Cir.1987)