**Michael F. LALLY, Appellant,**

v.

**CRAWFORD COUNTY TRUST & SAVINGS BANK, DENISON, IOWA;**
Jimmie Thomas, Appellees.

No. 88–1788.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 7, 1988.

Decided Dec. 22, 1988.

Michael F. Lally, pro se.

James B. Cavanagh, Omaha, Neb., for appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Michael Lally appeals pro se from the orders of the district court[1] dismissing his complaint for failure to state a claim. After carefully reviewing the record, we affirm.

This action arose out of the manner in which a $48,000 debt owed by Lally was collected by appellees Crawford County Trust and Savings Bank and its employee, Jimmie Thomas. Lally filed a complaint for violations of 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (RICO), and the Fair Debt Collection Prac-

1. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Northern District of Iowa.

tices Act, 15 U.S.C. §§ 1601–1692*o* (FDCPA), which the district court ultimately dismissed for failure to state a claim. This appeal followed.

 A party is subject to suit under 42 U.S.C. § 1983 if "the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). In the case at bar, Lally's § 1983 claim was based on the allegation that Thomas acted under color of state law when he threatened to have Lally put in jail for violating state criminal statutes. We hold that the district court properly dismissed Lally's § 1983 claim for lack of state action.

 Although a pro se complaint is to be liberally construed, it "must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985). In pleading RICO violations, a litigant must allege the time, place, and content of all false representations. *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir.1982), *rev'd in part on other grounds*, 710 F.2d 1361 (banc), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). This Lally failed to do in spite of the fact that the district court afforded him sufficient opportunity to amend his complaint and warned that his failure to do so would result in dismissal. The district court's dismissal of Lally's RICO and FDCPA claims was proper.

Accordingly, the judgment of the district court is affirmed.