**Dorothy NUNDY, Individually and as Executrix of the Last Will and Testament of James Nundy, Deceased, Plaintiff,**

**v.**

**PRUDENTIAL–BACHE SECURITIES, INC., and David Klass, Defendants.**

**Civ. No. 90–0154T.**

United States District Court,
W.D. New York.

April 22, 1991.

Frank R. Monfredo, Sutton, Deleeuw, Clark & Darcy, Pittsford, N.Y., for plaintiff.

Judy Toyer, Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., for defendants.

## DECISION AND ORDER

TELESCA, Chief Judge.

Presently before the court are defendants' motions to dismiss Counts VI and VII of plaintiff's complaint which allege violations of 18 U.S.C. §§ 1962(a), (c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). For the reasons discussed below, the defendants' motions are granted.

## BACKGROUND

The facts of this case were extensively discussed in a prior opinion of this court and therefore need only be briefly recounted here. This action arose out of a broker customer relationship between the plaintiff, a 71 year old widow, the brokerage firm of Prudential–Bache, and one of its employees, David Klass. The accounts which served as the basis of that relationship (hereinafter referred to as the "Estate," "Margin" and "Investment" accounts) were originally opened by the plaintiff's husband and were under his exclusive control and direction until the time of his death in July of 1986. Soon after his death, the plaintiff, as the Executrix of her husband's estate and sole legatee under his will, took responsibility for those accounts and advised defendant Klass that because she did not understand the securities market, she

would rely on him "to do the right thing" for her.

Plaintiff alleges, however, that between the fall of 1986 and the fall of 1988, defendant Klass nonetheless "knowingly, intentionally and without plaintiff's authorization and knowledge," executed 90 purchase and sale securities transactions for the Estate Account and 142 such transactions for the Investment Account. All but six of these were confirmed as "principal" transactions through a notice stating that: "We sold to or bought from you for our own account as Principal." Complaint at ¶¶ 23–29. The defendants did not disclose to the plaintiff any interest or profit they may have had in these transactions.

In her original RICO count, plaintiff alleged that defendants' conduct violated 18 U.S.C. § 1962(c), which essentially prohibits any "person" "employed by or associated with an enterprise" from conducting the affairs of that enterprise through a pattern of racketeering activity. By Decision and Order dated November 13, 1990, I dismissed this count with leave to replead, holding that the "plain language [of § 1962(c)] clearly envisions liability only where there is a specified interaction between two entities, and that the same defendant-'person' may therefore not serve in two roles at the same time." *Nundy v. Prudential–Bache, et al., slip op.* at 15 (unpublished disposition); *see also Official Publications, Inc. v. Kable News Co.,* 884 F.2d 664, 668 (2d Cir.1989).

In attempt to avoid this infirmity, the plaintiff has since amended her § 1962(c) claim to allege a cause of action solely against defendant Klass and has added a separate claim under § 1962(a) against defendant Prudential–Bache. The defendants now move to dismiss these two counts.

### DISCUSSION

1. *Section 1962(a) Claim Against Prudential–Bache*

Section 1962(a) provides, in relevant part: It shall be unlawful for *any person* who has received any income derived ...

from a pattern of racketeering activity ... *to invest* ... such income ... in the acquisition ..., ... establishment or operation of ... *any enterprise* which is engaged in ... interstate ... commerce.

18 U.S.C. § 1962(a) (emphasis added).

■ Relying on the language of the statute, Prudential–Bache argues initially that plaintiff's § 1962(a) claim must fail because it alleges that Prudential–Bache is both the "person" who received racketeering income and the "enterprise" into which such income was invested. I find this argument unavailing. Although the Second Circuit has yet to rule on this issue, the majority of circuits that have done so have held that a corporate-"enterprise" may be held liable under subsection (a) when it also acts as a perpetrator of the alleged predicate acts. *See, e.g., Yellow Bus Lines,* 839 F.2d 782, 790 (D.C.Cir.1988), *reh'g denied, en banc* (D.C.Cir.1988), *cert. denied,* 488 U.S. 926, 109 S.Ct. 309, 102 L.Ed.2d 328 (1989); *Haroco v. Amer. Nat. Bank & Trust Co. of Chicago,* 747 F.2d 384, 402 (7th Cir.1984), *aff'd on other grounds,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *see generally* Solovy, *et. al., Current Issues in Civil RICO Litigation,* at 33 (1989). These courts have reasoned, and I agree, that such a construction of § 1962(a) is consistent both with the overall framework of the RICO statute, as well as the terms of the provision itself which, unlike subsection (c), contain no language suggesting that the "person" and the "enterprise" must be separate. *See Schofield v. First Commodity Corp. of Boston,* 793 F.2d 28, 31–32 & n. 2 (1st Cir.1986);

■ The defendant alternatively argues that the plaintiff has also failed to plead the type of special racketeering injury necessary to sustain a cause of action under § 1962(a). I find this argument more persuasive. Under the plain language of the RICO statute, a plaintiff alleging a violation of § 1962(a) must demonstrate that she suffered an "injury *'by reason of' defendant['s] investment of racketeering income* in an enterprise," and not merely as a result of defendant's participation in the

predicate acts themselves. *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir.1990) (emphasis added); *accord Grider v. Texas Oil and Gas Corp.*, 868 F.2d 1147, 1149 (10th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989).[1]

In this case, the plaintiff claims only that her "injury resulted from Prudential–Bache's 226 repeated, alleged criminal offenses and ... that the income derived from the racketeering activity was used by Prudential–Bache to operate a RICO enterprise affecting interstate commerce." Plaintiff's Mem. of Law in Opposition to Defendants' Motion to Dismiss RICO Counts of Second Amended Complaint, at 8 (citing Complaint at ¶ 67). Since these allegations do not plead a separate injury resulting from defendant's investment of racketeering income, they are insufficient as a matter of law. Accordingly, the plaintiff's sixth cause of action against defendant Prudential–Bache is dismissed.

### 2. § 1962(c) Claim Against David Klass

■ Defendant Klass argues that plaintiff's complaint fails to plead the requisite pattern of racketeering activity necessary for liability under RICO. I agree.

Reduced to its essence, § 1962(c) imposes civil and criminal liability only upon those who conduct the affairs of an enterprise through a "pattern of racketeering activity." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984); 18 U.S.C. § 1962(c). Although the term "pattern" is statutorily defined as consisting of "at least two acts of racketeering activity" within a ten year period, 18 U.S.C. § 1961(5), a RICO count which alleges nothing more is clearly insufficient. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985). Instead, under recent Supreme Court precedent, a plaintiff alleging a pattern of racketeering activity must demonstrate (1) that there is a "relation-

ship" between the predicate acts and (2) "that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 2901, 106 L.Ed.2d 195 (1989) (emphasis in original). As the Court held in *H.J. Inc.*, "[i]t is this factor of *continuity plus relationship* which combines to produce a pattern." *Id.*, 109 S.Ct. at 2900 (emphasis in original); *see also Sedima*, 105 S.Ct. at 3285 n. 14. The Court also noted that whether a plaintiff has satisfied each of these elements "depends upon the specific facts of each case." *H.J. Inc.*, 109 S.Ct. at 2902.

Bearing these thoughts in mind, there is little question that the plaintiff here has demonstrated the requisite "relationship" between the predicate acts. This requirement is satisfied if the acts "have the same or similar purposes, results, participants, victims, or methods of commission," *id.* at 2901; *United States v. Simmons*, 923 F.2d 934, 951 (2d Cir.1991), all or most of which are present here.

The more difficult issue in this case is whether plaintiff has sufficiently pled continuity. The requirement of continuity has proven to be the most indistinct of all interpretations given by the courts to the statutory framework of RICO. *See generally* Van Graafeiland, J., *RICO and the Rule of Lenity*, 9 N.Ill.L.Rev. 331, 335–337 (1989). In attempt to provide guidance and better define its boundaries, the Court in *H.J. Inc.* stated that the continuity requirement is best viewed as "centrally a temporal concept," one which can apply "either to a closed period of repeated conduct, or to past conduct that by its very nature projects into the future with a threat of repetition." 109 S.Ct. at 2902. The court held that where, as here, the racketeering conduct is alleged to have occurred during a closed period, continuity could only be shown by proving that the acts were neither "isolated" nor "sporadic" but instead extended over a "substantial period of

---

1. As the court in *Grider* made clear, a person would have standing to sue under § 1962(a) where he could show, for example, that racke-teering proceeds had been used to infiltrate a legitimate business and that he had been injured as a result of such use. 868 F.2d at 1150.

time." *Id.* The Court reasoned that because Congress was concerned in RICO with only "long-term criminal conduct," "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct" could not be deemed as sufficient grounds for imposing liability. *Id.* & n. 4.

Since the Court's decision in *H.J. Inc.*, the lower courts construing the continuity requirement have focused on a number of other factors in addition to the temporal span of the predicate acts. These factors include the number of participants and/or victims involved, the complexity of the scheme alleged, the occurrence of distinct injuries, and, more generally, the " 'overall context in which the acts took place,' " *Azurite Corp. Ltd. v. Amaster & Co.*, 730 F.Supp. 571, 580–81 (S.D.N.Y.1990) (citations omitted); *see also Polycast Tech. Corp. v. Uniroyal, Inc.*, 728 F.Supp. 926, 948 (S.D.N.Y.1989) (collecting cases); *Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F.Supp. 579, 584 (S.D.N.Y.1989); *Lenczycki v. Shearson Lehman Hutton, Inc.*, Fed.Sec.L.Rep. ¶ 95,615 (S.D.N.Y. 1990) (Avail on Westlaw 1990 WL 151137).

Considering these factors as well as the teachings of *H.J. Inc.*, I find that the plaintiff has failed to plead sufficient facts to satisfy the continuity requirement. Viewed in its entirety, the plaintiff has alleged nothing more than a discrete, short-lived and straightforward securities scheme involving at most, only two perpetrators and one victim. *Cf. Azurite*, 730 F.Supp. at 581 (allegations of various acts of mail and wire fraud over 7 month period, without more, insufficient to establish continuity); *Lowenbraun v. L.F. Rothschild, Unterberg, Towbin*, 685 F.Supp. 336, 340 (S.D.N.Y.1988) (churning involving 119 transactions over the course of 16 month period insufficient). Moreover, while some 226 acts of racketeering are alleged to have occurred, those acts were all identical or similar in nature and gave rise to the same type of injury.[2] *Aero*, 721 F.Supp. at 584. Furthermore, there is nothing in plaintiff's

complaint to suggest that defendants committed these same or similar acts either before or after those alleged in the complaint, or that they otherwise pose a threat of similar misconduct in the future. *Id.; Newman v. L.F. Rothschild, Unterberg, Towbin*, 677 F.Supp. 146, 147–148 (S.D.N.Y.1987). In sum, I find that defendant's alleged securities fraud scheme neither amounts to, nor constitutes a threat of continuous racketeering activity, and therefore does not demonstrate that kind of long-term criminal conduct envisioned by Congress as violative of RICO. Accordingly, plaintiff's seventh cause of action against David Klass is dismissed.

### SUMMARY

Defendants' motions to dismiss plaintiff's sixth and seventh causes of action is granted.

ALL OF THE ABOVE IS SO ORDERED.

---

**2.** Notwithstanding plaintiff's suggestion to the contrary, "the raw number of predicate acts has never been determinative" of the pattern re-

quirement, especially where the scheme is as relatively unsophisticated as it is here. *Aero*, 721 F.Supp. at 584.