Daniel L. NAGLE, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC.; et al., Defendants.

Civ. No. 3–91–CV–10003.

United States District Court,
S.D. Iowa,
Davenport Division.

March 18, 1992.

James E. Beckley, Wheaton, Ill., Edward N. Wehr, Davenport, Iowa, for plaintiff Daniel L. Nagle.

William C. Davidson, Marsha Weg Bormann, Davenport, Iowa, for defendant Merrill Lynch.

Michael Noyes, Davenport, Iowa, for defendant Laurie Jones Canady.

## RULING AND ORDER

LONGSTAFF, District Judge.

Defendants move for partial summary judgment on or, in the alternative, to dismiss, Count VII (RICO) of plaintiff's amended complaint (revised). Defendants argue (1) that plaintiff cannot establish the existence of an enterprise separate and distinct from the persons alleged to have associated with the enterprise, (2) that plaintiff failed to allege injury "by reason of" investment of racketeering income, and (3) that plaintiff failed to state with particularity his allegations of fraud. The motion for summary judgment is premised on the first argument, with the latter two arguments urged as grounds supporting the alternative motion to dismiss. Plaintiff resists the motion, and the matter was heard February 21, 1992. Appearances are noted in the clerk's court minutes.

## I. SUMMARY JUDGMENT

### "Person" Separate and Distinct from "Enterprise"

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.Proc. 56(c). An issue of material fact is genuine if it has a real basis in the record. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). A genuine issue of fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Procedurally, the movant has the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The movant is not required by the rules to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.*

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356. "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587, 106 S.Ct. at 1356. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law. *Anderson*, 477 U.S. at 254, 106 S.Ct. at 2513. The court must assess the adequacy of the nonmovants' response and whether that showing, on admissible evidence, would be sufficient to carry the burden of proof at trial. *See Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552; S. Childress, *A New Era for Summary Judgments: Recent Shifts at the Supreme Court*, 116 F.R.D. 183, 188 (1987). As stated in *Celotex*, summary judgment procedure "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the

just, speedy and inexpensive determination of every action." *Id.* at 327, 106 S.Ct. at 2555.

## FACTS

The following facts are either undisputed or represent the plaintiff's version where his showing, on admissible evidence, would be sufficient to carry the burden of proof at trial.

1. Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. (hereinafter "Merrill Lynch") is a Delaware Corporation with its principal place of business at One Liberty Plaza, 165 Broadway, New York, New York.

2. Defendant Laurie Jones Canady (hereinafter "Canady") is a resident of Johnson County, Iowa.

3. Merrill Lynch has conducted business in Scott County, Iowa at all times material; and Canady at pertinent times was an employee and agent of Merrill Lynch.

4. Merrill Lynch is a Securities Commission Broker subject to control by the Securities Exchange Act, 15 U.S.C. § 78a et seq.

5. Plaintiff Daniel L. Nagle (hereinafter "plaintiff") filed this action on December 21, 1990, in the Iowa District Court for Scott County, seeking to recover for allegedly improper and unauthorized investment and trading of his securities account. Plaintiff's original complaint alleged violations of the Securities Exchange Act of 1934 as well as common law fraud, breach of fiduciary duty, and conversion.

6. Defendants removed this action to federal court on January 23, 1991.

7. On April 30, 1991, plaintiff moved to amend his complaint to add allegations of negligent supervision and violations of the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"). On June 7, 1991, the court permitted the amendment, as revised. In a later order, the court indicated that it "allowed the amendment even though it was concerned that plaintiff had not asserted a sufficient basis to proceed on that claim." The court stayed discovery on the RICO claim pending response to defendants' RICO interrog-

atories and the filing of defendants' motion for summary judgment. (Plaintiff's responses to defendants' interrogatories were filed as exhibits at the hearing.)

8. Plaintiff alleges in his complaint that "Defendants are both 'Persons' as defined by 18 U.S.C. Section 1961(3)" and that "Defendants constitute an 'Enterprise' within the meaning of 18 U.S.C. Section 1961(4)."

9. Merrill Lynch conducted business in Scott County, Iowa, through its Davenport branch office. The Davenport branch office is under the supervision of national and regional managers. The Resident Vice President of the Davenport office, Stephen E. Lyders, reports to a district manager. The district manager reports to a divisional manager who reports to the New York office. Personnel from the New York office perform annual compliance and operation audits. The brokers' salaries are calculated in and paid from the New York office. The office manager is not paid directly for the sale of a product, and the price paid by a customer is set by the New York office or by prospectus. The New York Compliance Department sets all compliance policies and procedures. The District or National Sales Organizations set all goals and objectives.

10. The Davenport branch office maintains a separate registration with the National Association of Securities Dealers (NASD) in compliance with section 27 of the NASD Rules for offices with more than five brokers.

## DISCUSSION

Under the Racketeer Influenced and Corrupt Organizations Act (RICO), 84 Stat. 922, codified as amended at 18 U.S.C. §§ 1961–68 (1988), it is unlawful for "any person employed by or associated with any enterprise ... to conduct or participate ... in the conduct of such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c). An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individu-

als associated in fact although not a legal entity...." 18 U.S.C. § 1961(4).

▮ A person named as a defendant cannot also be the entity identified as the enterprise. *Atlas Pile Driving Co. v. Di-Con Fin. Co.*, 886 F.2d 986, 995 (8th Cir. 1989); *Bennett v. Berg*, 685 F.2d 1053, 1061–62 (8th Cir.1982), *modified on reh'g*, 710 F.2d 1361 (8th Cir.) (en banc), *cert denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). Accordingly, plaintiff cannot bring a § 1962(c) claim against Merrill Lynch in which Merrill Lynch also is alleged to be the enterprise. *See Bowman v. Western Auto Supply Co.*, 773 F.Supp. 174, 177 (W.D.Mo.1991); *Oceanic Cablevision, Inc. v. M.D. Elec.*, 771 F.Supp. 1019, 1023–24 (D.Neb.1991); *Hanline v. Sinclair Global Brokerage Corp.*, 652 F.Supp. 1457, 1461–62 (W.D.Mo.), *appeal dismissed*, 815 F.2d 713 (8th Cir.1987); *Minnesota Odd Fellows Home Found. v. Engler & Budd Co.*, 630 F.Supp. 797, 800 (D.Minn.1986). Plaintiff has failed to allege a separate enterprise in his complaint.

▮ In response to defendants' interrogatories and motion for summary judgment, plaintiff has identified the Davenport branch office of Merrill Lynch as the enterprise. The mere fact that the Davenport branch office is required by NASD rules to be registered separately does not raise a genuine issue of material fact with regard to whether it is separate from Merrill Lynch and therefore a separate RICO enterprise. Carving out a piece of the corporate defendant to artificially create a distinct enterprise is not permissible. *See e.g., Brittingham v. Mobil Corp.*, 943 F.2d 297, 300–03 (3d Cir.1991) (plaintiff could not name Mobil as the defendant and its subsidiary, Mobil Chemical, as the enterprise); *United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1190 (4th Cir. 1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983) (unincorporated division of defendant corporation was not a separate RICO enterprise); *Gilbert v. Prudential–Bache Sec., Inc.*, 643 F.Supp. 107, 109 (E.D.Pa.1986) (various branch offices of corporate defendant cannot be regarded as separate entities for purposes of RICO);

*Rush v. Oppenheimer & Co.*, 628 F.Supp. 1188, 1194 (S.D.N.Y.1985) (corporate defendants central office indistinguishable in structure from corporation as a whole for RICO purposes). In the absence of any probative evidence that the Davenport branch office of Merrill Lynch is a separate enterprise, summary judgment on plaintiff's RICO claim (count VII) under § 1962(c) is appropriate.

▮ In the alternative, plaintiff asserts that "the affiliation of [Canady], Lyders and presently-unknown compliance personnel of Merrill Lynch is sufficiently distinct to constitute an association in fact." First, neither the complaint nor the evidence of record supports plaintiff's argument. Second, if such an association-in-fact exists, nothing indicates that it exists separate and distinct from Merrill Lynch. Third, if such an association-in-fact exists separate from Merrill Lynch, it would have no "ascertainable structure distinct from that inherent in the conduct of a pattern of racketeering." *Atlas Pile Driving*, 886 F.2d at 995. Therefore, plaintiff's alternative "affiliation" argument is insufficient to avoid the entry of summary judgment.

Having determined that summary judgment on plaintiff's § 1962(c) claims is appropriate, the court must determine whether the same reasoning applies to plaintiff's claims under § 1962(a), which provides, in part:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... in which such person has participated as a principal ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise....

In short, the statute makes it unlawful for a person (1) to use or invest (2) income derived from a pattern (3) of racketeering activity (4) to establish, operate, or acquire an interest in (5) an enterprise. On its face, § 1962(a) identifies the person and the enterprise as separate entities. The statute speaks of a "person" acting upon an

"enterprise." The statute does not provide that it is unlawful for a person *or enterprise* to invest or use racketeering income to establish, operate, or acquire an interest in an enterprise.

Similarly, § 1962(b) speaks in terms of a "person" acting upon an "enterprise." In short, it is unlawful for a person (1) through a pattern (2) of racketeering activity (3) to acquire or maintain an interest in or control of (4) an enterprise under § 1962(b).

The logical progression of illegal investment to control of an enterprise culminates in § 1962(c) with "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Atlas Pile Driving,* 886 F.2d at 990. Throughout § 1962, "person" and "enterprise" are distinguished.

Moreover, "person" and "enterprise" are distinguished throughout RICO. The words are defined separately. *See* 18 U.S.C. § 1961(3) & (4). A "person" must be an "entity capable of holding a legal or beneficial interest in property," while an "enterprise" may include a "union or group of individuals associated in fact although not a legal entity." *Id.* Under § 1963, a person convicted of violating RICO must forfeit any interest in "any *enterprise* which the *person* has established, operated, controlled, conducted, or participated in the conduct of in violation of section 1962." 18 U.S.C. § 1963(a)(2) (emphasis added). *See also* 18 U.S.C. § 1963(e). Under § 1964(a), the district court may order "any *person* to divest himself of any interest ... in any *enterprise;*" restrict the future activities and investments of any person, including "prohibiting any *person* from engaging in the same type of endeavor as the *enterprise;*" or order "dissolution or reorganization of any *enterprise,* making due provision for the rights of innocent *persons.*" (Emphasis added.) Finally, § 1968 allows the Attorney General to make a civil investigative demand requiring "any person or enterprise" to produce relevant materials. 18 U.S.C. § 1968(a). (Thereafter, the context requires that any reference to "such person" include both "persons" and "enterprises.")

■ Therefore, the plain language of the statute requires that the existence of an enterprise separate and distinct from the racketeer be established in order to recover under § 1962(a). This holding is consistent with RICO's major purpose, which is "to curb the infiltration of legitimate business organizations by racketeers." *Atlas Pile Driving,* 886 F.2d at 990. It also is consistent with the reasoning of other judges within the Eighth Circuit. *See Woodruff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 709 F.Supp. 181, 186 (D.Neb.1989) (Urbom, J.); *Atlas Pile Driving Co. v. DiCon Fin. Co.,* 697 F.Supp. 1058, 1068–69 (D.Minn.1988) (Alsop, C.J.), *aff'd on other grounds,* 886 F.2d 986 (8th Cir.1989); *H.J. Inc. v. Northwestern Bell Tel. Co.,* 648 F.Supp. 419, 428 (D.Minn.1986) (MacLaughlin, J.), *rehrg. denied on relevant grounds,* 653 F.Supp. 908, 916 (D.Minn.) (same), *aff'd on other grounds,* 829 F.2d 648 (8th Cir.1987), *rev'd on other grounds,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), *aff'd,* 954 F.2d 485 (8th Cir.1992). *But see Welek v. Solomon,* 650 F.Supp. 972, 974 (E.D.Mo. 1987) (Gunn, J.).

The court recognizes that the authority outside the Eighth Circuit is to the contrary. *See e.g., Genty v. Resolution Trust Corp.,* 937 F.2d 899, 907 (3d Cir.1991); *Busby v. Crown Supply, Inc.,* 896 F.2d 833, 840–41 (4th Cir.1990); *Official Pubs., Inc. v. Kable News Co.,* 884 F.2d 664, 668 (2d Cir.1989); *Yellow Bus Lines, Inc. v. Local Union 639,* 839 F.2d 782, 790 (D.C.Cir.1988), *vacated on other grounds,* 492 U.S. 914, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989); *Garbade v. Great Divide Mining,* 831 F.2d 212, 213 (10th Cir.1987); *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1397 (9th Cir. 1986); *Schofield v. First Commodity Corp.,* 793 F.2d 28, 32 (1st Cir.1986); *Haroco v. American Nat'l Bank & Trust Co.,* 747 F.2d 384, 401–02 (7th Cir.1984), *aff'd on other grounds,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985) (per curiam).

The court is not persuaded, however, by the distinctions these authorities draw between § 1962(a) and § 1962(c) on linguistic

and policy grounds. First, the linguistic differences between the two subsections are consistent with their placement in the statutory scheme, which recognizes a progression throughout § 1962 in the degree of influence exerted upon an enterprise by the racketeer as that person infiltrates the enterprise.

Second, the policy concern of a culpable corporation escaping RICO liability can be addressed only with reference to RICO's purpose. RICO and its severe criminal and civil liability provisions are based on the principle that it is bad enough to be corrupt, but it is a greater evil to corrupt another—the innocent, the productive. Until an enterprise-corporation commits this greater evil, it should not be subjected to RICO liability. To be sure, the enterprise-corporation which commits wrongful acts will be subject to criminal or civil liability apart from RICO, and it will be no excuse that it committed the wrongful acts at the behest of racketeers. But until the enterprise-corporation invests in, acquires an interest in, controls, or conducts the affairs of a separate enterprise through a pattern of racketeering activity, it should not be subject to the more severe RICO criminal and civil liability provisions.

Therefore, the existence of a separate enterprise is an element of plaintiff's claims under § 1962(a). Because plaintiff has failed to identify a separate enterprise or to make a showing sufficient to establish the existence of this essential element, summary judgment is appropriate.

## II. MOTION TO DISMISS

### Injury "By Reason Of" Investment

■ In addressing a motion to dismiss, the allegations of the complaint must be taken as true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), the Supreme Court articulated the test as follows:

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorable to the pleader.

*Id.* at 236, 94 S.Ct. at 1686.

As previously discussed, defendants are entitled to summary judgment on Count VII (RICO) because plaintiff has failed to state a cause of action under § 1962(a) and § 1962(c) by failing to identify an enterprise separate from the defendants. Defendants alternatively urge that dismissal of plaintiff's § 1962(a) claims further is supported by a failure to allege injury "by reason of" investment or use of racketeering income. The court agrees.

■ Under § 1964(c), any person "injured in his business or property by reason of a violation of section 1962" may sue for threefold damages. "By its words, § 1962(a) is violated, not by racketeering activity itself, but rather by use or investment of racketeering income in an enterprise." *Airlines Reporting Corp. v. Barry,* 666 F.Supp. 1311, 1314 (D.Minn.1987) (footnote omitted). Accordingly, plaintiff must allege injury by reason of use or investment of racketeering income in an enterprise in order to state a claim under § 1962(a). *See, e.g., Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 494 (6th Cir. 1990); *Ouaknine v. MacFarlane,* 897 F.2d 75, 83 (2d Cir.1990); *Rose v. Bartle,* 871 F.2d 331, 357–58 (3d Cir.1989); *Grider v. Texas Oil & Gas Corp.,* 868 F.2d 1147, 1149–51 (10th Cir.), *cert. denied,* 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989);

*Nundy v. Prudential–Bache Sec., Inc.*, 762 F.Supp. 40, 43 (W.D.N.Y.1991); *Palumbo v. I.M. Simon & Co.*, 701 F.Supp. 1407, 1411 (N.D.Ill.1988); *Airlines Reporting Corp.*, 666 F.Supp. at 1315; *Gilbert*, 643 F.Supp. at 109. *But see, e.g., Busby*, 896 F.2d at 837–38. Plaintiff merely alleges that income received by Merrill Lynch from a pattern of racketeering income was used in its operations. Because this allegation does not plead a separate injury resulting from investment of racketeering income, plaintiff has failed to state a claim for relief under § 1962(a). *See, e.g., Nundy*, 762 F.Supp. at 43; *Gilbert*, 643 F.Supp. at 109.

### III. MOTION TO DISMISS

Failure to Plead Fraud With Particularity

Rule 9(b) of the Federal Rules of Civil Procedure requires that the circumstances constituting fraud be stated with particularity. *See Bennett*, 685 F.2d at 1062. "Circumstances" include such matters as "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Id. See also Lally v. Crawford County Trust & Sav. Bank*, 863 F.2d 612, 613 (8th Cir.1988) (per curiam). Defendants urge that dismissal of plaintiff's RICO claims also is supported by plaintiff's failure to plead with particularity his allegations of fraud.

The court declines to base its dismissal on this alternative ground because, even if the allegations are deficient, the court would allow plaintiff the opportunity to amend rather than dismiss Count VII for failure to plead fraud with particularity. *See, e.g., Bennett*, 685 F.2d at 1062. Therefore, dismissal is not supported by failure to plead with particularity.

### IV. CONCLUSION

The defendants motion for summary judgment on or, in the alternative, to dis-

miss, Count VII (RICO) (dkt # 55) is granted.

IT IS SO ORDERED.