624 F.2d 1
 Maria MARTINEZ, Marilyn Johnson and Mary Crandall, on Behalf
of Themselves and a Class of Persons Similarly
Situated, Plaintiffs-Appellants,
v.
Barbara BLUM, in her Official Capacity as Commissioner of
the New York State Department of Social Services,
and
Patricia Harris, in her Official Capacity as Secretary of
Health, Education and Welfare, Defendants-Appellees.
 No. 950, Docket 80-6002.
 United States Court of Appeals,
Second Circuit.
 Argued March 31, 1980.
Decided June 9, 1980.
 
 Ian C. DeWaal, Rochester, N.Y. (Monroe County Legal Assistance Corporation, of counsel), for plaintiffs-appellants.
 Clifford Royael, Albany, N.Y. (Associate Atty. Gen. Jeremiah Jochnowitz, Albany, N.Y., of counsel), for defendant-appellee Barbara Blum.
 Linda Lee Walker, New York City (Department of HEW, of counsel), for defendant-appellee Patricia Harris.
 Before VAN GRAAFEILAND and KEARSE, Circuit Judges, and GOETTEL, District Judge.*
 PER CURIAM:
 
 
 1
 Appellants appeal from the ruling of the district court granting defendants' motion for summary judgment and dismissing the action.[1] The issue involved on this appeal is the constitutionality of the standard employed by the New York Department of Social Services in rendering public assistance fair hearing decisions.
 
 
 2
 The named plaintiffs in the instant action were all applicants for new or renewed grants of public assistance, in the form of aid to dependent children, whose requests had either been denied or reduced by the Monroe County Department of Social Services.[2] Each plaintiff had subsequently sought and obtained review of such decision by way of an administrative fair hearing before the commissioner of the New York Department of Social Services. The State Administrative Procedure Act, § 306, provides that the burden of proof is on the party who initiated the proceeding, and that any determination must be supported by "substantial evidence." The commissioner, in each instance, affirmed the determination of the county agency. A complaint was then filed in district court, on behalf of a class consisting of persons seeking to receive or renew grants of aid to dependent children, alleging that the standard of review followed by the commissioner in administrative fair hearings served to deny applicants their right to due process. The complaint sought an order declaring that a denial, termination or reduction of ADC benefits may not be affirmed unless "the local Social Services Agency has presented 'clear, unequivocal and convincing' evidence" to support such action.[3]
 
 
 3
 The argument raised by the appellants would pose far more difficult questions if it could still be contended that the right to receive public assistance benefits was somehow a constitutional one. The Supreme Court, however, has previously held that no constitutional right to receive welfare benefits exists. Lavine v. Milne, 424 U.S. 577, 584 n. 9, 96 S.Ct. 1010, 1015 n. 9, 47 L.Ed.2d 249 (1976); Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). Thus in Lavine v. Milne, supra, the Court found to be permissible a rebuttable presumption (afforded under the New York State Social Services Law) to the effect that all persons who had quit their jobs within a certain specified period prior to filing for benefits would be deemed to have quit for the purpose of obtaining benefits. The Court in reaching this conclusion noted that, rather than constituting any type of constitutional violation, such presumption "merely makes absolutely clear the fact that the applicant bears the burden of proof on this issue as he does on all others." Id., 424 U.S. at 584, 96 S.Ct. at 1015.
 
 
 4
 In Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), it was held that an individual's property rights in welfare benefits could not be terminated absent that person being afforded some type of pre-termination hearing which comported with the rudimentary requirements of due process.[4] However, "there simply is no constitutional guarantee that all executive decisionmaking must comply with standards that assure error-free determinations." Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). In determining whether a state procedure complies with this due process requirement "substantial weight must be given to the good faith judgments of the individuals charged by Congress with the administration of social welfare programs that the procedures they have provided assure fair consideration of the entitlement claims of individuals." Mathews v. Eldridge, 424 U.S. 319, 349, 96 S.Ct. 893, 909, 47 L.Ed.2d 18 (1976). In light of these decisions, it is clear that the New York procedures for establishing eligibility for, and appealing denials of, benefits which are set forth in extensive detail in the New York Code of Regulations, insure that the requisite due process rights of the applicants are protected.
 
 
 5
 The standard of "clear, unequivocal and convincing" proof sought to be required by the appellants is, taken by itself, a burden which approximates, if not exceeds, the "beyond a reasonable doubt" standard mandated for criminal cases. Addington v. Texas, 441 U.S. 418, 432, 99 S.Ct. 1804, 1812, 60 L.Ed.2d 323 (1979). While a slightly less stringent burden of "clear and convincing" evidence may be called for in cases which involve basic constitutional rights,[5] it is not an appropriate standard to impose in situations such as the instant one. The court below correctly determined that there is neither authority, nor reason, for imposing such a burden upon a state agency.
 
 
 6
 Accordingly, the district court's granting of summary judgment and the dismissal of the action are hereby affirmed.
 
 
 
 *
 Hon. Gerard L. Goettel, United States District Judge for the Southern District of New York, is sitting by designation
 
 
 [1]
 In its decision the district court also certified the appellants' class
 
 
 [2]
 The applications were required and made pursuant to New York Social Services Law, sections 20 and 34, and New York Department of Social Services Regulations, 18 NYCRR, Parts 350 and 351
 
 
 [3]
 In addition to seeking an order directly against the State, appellants seek an order directing the Secretary of HEW to promulgate rules requiring the State to adhere to the standard sought by appellants
 
 
 [4]
 The class herein is not limited to those already receiving benefits, but includes those making initial applications. It is not at all clear that this ingenious lumping together of recipients and would-be recipients is warranted under the law. In the former case, entitlement and the amount thereof have been established; in the latter, neither has. A judicially imposed rule that no one could be denied welfare benefits without a prior hearing is almost frightening in its implications
 
 
 [5]
 In Addington v. Texas, supra, for example, the question was the appropriate standard to be applied in a civil commitment proceeding for the allegedly mentally incompetent