104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Edgar TATUM, Jr., Plaintiff-Appellant,
v.
The CITY OF NEW YORK, Defendant-Appellee.
 No. 96-7292.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 Appearing for Appellant: Edgar Tatum, Jr., pro se, Bronx, New York.
 Appearing for Appellees:George Gutwirth, Assistant Corporation Counsel, Law Department, City of New York, New York, New York.
 Before MESKILL, WINTER and CABRANES, Circuit Judges.
 
 
 1
 Edgar Tatum, Jr., pro se, appeals from Judge Griesa's order sua sponte dismissing his complaint in an action essentially brought under 42 U.S.C. § 1983 and filed in forma pauperis. In his complaint Tatum alleged that a "fraudulent case number" was being "illegally listed" under his name and that, knowing this, the Department of Social Services ("Department") erroneously sent him several notices announcing its intent to reduce his public assistance because of previous overpayments.
 
 
 2
 A hearing was held on August 10, 1995 to assess the correctness of the Department's determination. After the Department failed to produce an adequate case record or present sufficient evidence to substantiate its determination, the Department agreed to withdraw its notice of intent to reduce Tatum's benefits and restore any assistance and benefits lost retroactive to the date of its decision. Tatum, however, alleges that the Department has failed to comply, causing him to be overdue in his rent and resulting in further personal harm.
 
 
 3
 The district court granted Tatum's request to proceed in forma pauperis but dismissed his complaint pursuant to 28 U.S.C. § 1915(d) and certified that any appeal taken would not be in good faith.
 
 
 4
 A federal court may dismiss a claim filed in forma pauperis pursuant to 28 U.S.C. § 1915(d) if it is satisfied that the action is frivolous or malicious. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Id. at 325. The decision of a district court to dismiss pursuant to Section 1915(d) is reviewed for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). As discussed below, Judge Griesa properly dismissed Tatum's complaint because his claim is based on an indisputably meritless legal theory. See Neitzke, 490 U.S. at 327.
 
 
 5
 To the extent that Tatum seeks an award of monetary damages to be paid from State funds, his claim is barred by the Eleventh Amendment. Edelman v. Jordan, 415 U.S. 651, 668 (1974). Nor has the State of New York waived its constitutional protection under the Eleventh Amendment. See Edelman, 415 U.S. at 673; Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir.1977). Furthermore, Congress did not intend, in passing 42 U.S.C. § 1983, to abrogate the Eleventh Amendment immunity of the states. Quern v. Jordan, 440 U.S. 332, 345 (1979). Moreover, even if Tatum styled the relief he seeks along the lines of a mandamus to correct his public assistance records, as opposed to a claim for damages, the district court would still be unable to provide relief because federal courts have no general power to compel action by state officials. Davis v. Lansing, 851 F.2d 72, 74 (2d Cir.1988).
 
 
 6
 Tatum's claims against the City of New York are similarly unavailing. A municipality may be sued, pursuant to 42 U.S.C. § 1983, when "it is alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.' " St. Louis v. Praprotnik, 485 U.S. 112, 121 (1988) (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 (1978)). Because Tatum is asserting that he was wrongfully deprived of a benefit to which he was constitutionally entitled, it was proper for the district court to interpret his action as brought under Section 1983. The district court also properly dismissed the complaint for failing to allege a municipal policy. See Praprotnik, 485 U.S. at 121 (rejecting theory that municipality may be held liable under Section 1983 based solely on respondeat superior ); Monell, 436 U.S. at 694 (same). The alleged bureaucratic errors in the present case also furnish no basis for inferring the existence of such a policy. See id. at 123 (unconstitutional policy can be inferred from a single decision by the highest officials responsible for setting policy in that area but not from unjustified act of subordinate employee); Martinez v. Blum, 624 F.2d 1, 2 (2d Cir.1980) (per curiam) (" 'there is simply no constitutional guarantee that all executive decisionmaking must comply with standards that assure error-free determinations' ") (quoting Greenholtz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979)), cert. denied, 450 U.S. 924 (1981).
 
 
 7
 Tatum characterizes the assignment of his case number as "fraudulent," but he alleges no facts from which fraud can reasonably be inferred. "Although a pro se complaint is to be liberally construed, it must contain specific facts supporting its conclusions," Lally v. Crawford County Trust and Sav. Bank, 863 F.2d 612, 613 (8th Cir.1988) (per curiam) (citation and internal quotation marks omitted); see also Barr v. Abrams, 810 F.2d 358, 362-63 (2d Cir.1987), which are lacking in this case.
 
 
 8
 Moreover, Tatum alleges nothing that would be a violation of his rights under the Fourteenth Amendment. An individual's property rights in welfare benefits cannot be terminated without a pre-termination hearing that meets minimal requirements of due process. Goldberg v. Kelly, 397 U.S. 254, 264-67 (1970); Martinez, 624 F.2d at 2. However, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986).
 
 
 9
 Finally, we note that an Article 78 proceeding would more properly provide an adequate means of redressing arbitrary agency action than would a Section 1983 action in federal court. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 888 (2d Cir.1987) ("Section 1983 is not a means for litigating in a federal forum whether a state or local administrative decision was arbitrary and capricious.").
 
 
 10
 For the above reasons, the district court did not abuse its discretion in dismissing Tatum's pro se complaint as lacking an arguable legal basis. See Neitzke, 490 U.S. at 325. We therefore affirm.