Simon v. Garland

BIA
Vomacka, IJ
A047 046 694

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-three.

PRESENT:
> **RICHARD C. WESLEY,**
> **DENNY CHIN,**
> **MYRNA PÉREZ,**
> > *Circuit Judges.*

_____

**STEVI-ANN SARITA ADARA SIMON,**
> *Petitioner,*

> v.

**MERRICK B. GARLAND,**
**UNITED STATES ATTORNEY**
**GENERAL,**
> *Respondent.*

_____

**20-4277**

**NAC**

**FOR PETITIONER:**          Nicole Arbuzzo Hemrick,
Hemrick, PLLC,
New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Acting Assistant Attorney
General; Brianne Whelan Cohen, Senior
Litigation Counsel; Deitz P. Lefort, Trial
Attorney, Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is GRANTED.

Petitioner Stevi-Ann Sarita Adara Simon, a native and citizen of Antigua

and Barbuda, seeks review of a December 3, 2020, decision of the BIA affirming a

July 12, 2018, decision of an Immigration Judge ("IJ") ordering her removal on the

ground that she abandoned her lawful permanent resident ("LPR") status.[1]   *In re*

*Stevi Ann Sarita Adara Simon*, No. A047 046 694 (B.I.A. Dec. 3, 2020), *aff'g* No. A047

---

[1] The BIA's decision purported to deny a motion to reconsider its summary dismissal of Simon's appeal for failure to file a brief; however, rather than reconsider its own prior ruling, the BIA considered the arguments in the late filed brief and reviewed the IJ's decision.  Thus, we treat the BIA's decision as one affirming the IJ's order of removal, rather than denying reconsideration of its own prior decision.

046 694 (Immig. Ct. N.Y. City July 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review questions of law de novo and factual findings for substantial evidence. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In general, immigrants attempting to enter the United States must present valid, unexpired visas and passports or other travel documents to be admitted. 8 U.S.C. § 1182(a)(7)(A)(i)(I). There is an exception for an LPR who qualifies as a "returning resident immigrant." *Id.* § 1181(b) (referring to "returning resident immigrant[]" definition in § 1101(a)(27)(A)). A returning resident immigrant is an LPR "who is returning from a temporary visit abroad." *Id.* §§ 1101(a)(27)(A), 1181(b). A "temporary visit" abroad means that upon leaving the United States, the applicant intended "to return within a period relatively short, fixed by some event." *Ahmed v. Ashcroft*, 286 F.3d 611, 613 (2d Cir. 2002).

Simon has been an LPR since 1999. She was absent from the United States for more than two years, from April 2012 to August 2014. When she attempted

to reenter the United States in August 2014, the Department of Homeland Security ("DHS") charged her as having abandoned her LPR status and placed her in removal proceedings.

Where, as here, a petitioner presents a colorable claim to resident status, the DHS bears the burden of proving by "clear, unequivocal and convincing evidence" that the petitioner's time abroad was not a "temporary visit abroad." *Matadin v. Mukasey*, 546 F.3d 85, 89–90 (2d Cir. 2008); *Matter of Huang*, 19 I. & N. Dec. 749, 754 (B.I.A. 1988). This is a heavy burden "which approximates, if not exceeds, the beyond a reasonable doubt standard mandated for criminal cases." *Martinez v. Blum*, 624 F.2d 1, 3 (2d Cir. 1980) (quotation marks and citation omitted) (discussing "clear, unequivocal, and convincing" standard with respect to New York's "public assistance fair hearing decisions").

We remand for the agency to reconsider the facts under the correct legal standard. The IJ did not state or demonstrate that he placed the burden on DHS. And his conclusions, such as his statement that he did "not believe that [the] evidence is sufficient to find that [Simon] did not abandon her lawful resident status," indicate that he incorrectly placed the burden on Simon. *See Cotzojay v. Holder*, 725 F.3d 172, 178–79 (2d Cir. 2013) (finding that the IJ failed to shift the

4

burden to the DHS where the IJ stated that the petitioner "did not offer sufficient facts to establish" a conclusion). Nor did the IJ identify the evidentiary standard he applied, making it impossible to determine that he was considering the facts under the required "clear, unequivocal and convincing" standard. Similarly, the BIA appears to have misapplied or misunderstood the standard. Although the BIA stated that DHS had the burden to establish that Simon had been outside the United States for more than a year, the analysis should not have ended there as DHS also had the burden to establish that she had abandoned her LPR status. *See Matadin*, 546 F.3d at 91–92. The BIA then appeared to shift the burden to Simon to prove that she merited relief from removal. "[B]ecause the agency has not yet determined the facts utilizing the appropriate burden of proof, we follow the ordinary remand rule and vacate and remand to the agency for further factual findings" with the burden on DHS. *Matadin*, 546 F.3d at 92; *see also Cao He Lin v. U.S. Dep't of Just.*, 428 F.3d 391, 400 (2d Cir. 2005) ("To assume a hypothetical basis for the IJ's determination, even one based in the record, would usurp [his] role."). Because we remand on this basis, we do not address Simon's argument that the BIA failed to identify the standard of review it applied in reviewing the IJ's decision.

5

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court