**MURR PLUMBING, INC., Appellant,**

**v.**

**SCHERER BROTHERS FINANCIAL SERVICES CO., a Minnesota corporation; Scherer Brothers Lumber Co., a Minnesota corporation; Albertville Industrial Development Co., a partnership; Thomas P. Olson; Roger Scherer; Developers Construction, Inc.; Loren Spande; Ronald L. Chase; J. Roberts Construction, Inc.; J.H.R. Homes, Inc.; James H. Roberts; Mary J. Roberts; Metro–Build Tech, Inc.; also known as Copperfield Contractors Ltd.; Michael McCalvey, Appellees.**

No. 94–2363.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1995.

Decided Feb. 28, 1995.

Rehearing Denied April 19, 1995.

Dale C. Nathan, Eagan, MN, for appellant.

Thomas G. Jovanovich, St. Cloud, MN (Rajkowski Hansmeier, on the brief), for appellee.

Before FAGG, MAGILL, and LOKEN, Circuit Judges.

MAGILL, Circuit Judge.

Murr Plumbing, Inc. (Murr), appeals the dismissal of its second amended RICO complaint for failure to allege the predicate acts of mail and wire fraud with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. We find no error in the district court's [1] finding that the conclusory allegations contained in Murr's second amended complaint do not satisfy the requirements of Rule 9(b). Accordingly, we affirm.

## I. BACKGROUND

Defendant Scherer Brothers Lumber Co. (Scherer) is a family-owned lumber company and supplier of building materials. In 1988, Scherer formed a subsidiary, Scherer Brothers Financial Services Co. (SBFSC), to provide construction loan financing to developers. SBFSC provided financing to four developers named as defendants. The construction loans were secured by a first mortgage on the properties to be developed. Scherer also provided building materials (allegedly at inflated prices), and received mechanic's liens on seven of the twenty-four properties involved in the original complaint.

In 1988 and 1989, Murr, a plumbing subcontractor, provided materials and services for fourteen new home construction projects for three of the four developers. These developing companies were undercapitalized, and eventually SBFSC foreclosed the mortgages. These foreclosures defeated Murr's mechanic's lien for its subcontracting work and prevented Murr from receiving payment for its services.

Murr initiated this action by filing a one-count complaint alleging a RICO violation against twenty-two defendants [2] and involving twenty-four homes. On October 2, 1992, the district court held a hearing on motions to dismiss under Rule 12(b)(6). The court orally granted Murr's "unstated but clear" motion for leave to file an amended complaint,[3] and cautioned Murr to draft an amended complaint only "after a very careful and clear consideration of ... Rule 9, and of Rule 11." The court also granted Scherer leave to renew its motions to dismiss. Appellees' App. at 132–33. On March 26, 1993, an order denying Scherer's motion to dismiss was entered. The order was based on "the reasons set forth at the [October 2] hearing," but made no mention of the grant of leave to amend or to renew the motions to dismiss.

Over seven months passed without the filing of the amended complaint, and Scherer moved to dismiss the original complaint for failure to prosecute under Rule 41(b). Scherer also renewed its Rule 12(b)(6) motion. In an order dated May 20, 1993, the court denied these motions and again granted Murr leave to file an amended complaint. On June 30, 1993, Murr filed an amended complaint, and on July 16, 1993, Murr filed a second amended complaint which included RICO allegations involving fifteen [4] properties and added state law claims for breach of contract and constructive trust. In its answer, Scherer raised a Rule 9(b) defense to the RICO claim and renewed its Rule 12(b)(6) motion. Appellant's App. at 111.

Discovery began, and on October 13, 1993, Scherer moved for judgment on the pleadings or, in the alternative, for summary judgment. The district court treated Scherer's motion as one for summary judgment, and granted summary judgment in favor of Scherer on the RICO count, stating that Murr failed to plead mail and wire fraud with the specificity required by Rule 9(b). The court went on to note that the record did not support Murr's allegations of a fraudulent

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

2. In addition to Scherer, SBFSC and the developers, there are also several other businesses and individuals that are named as defendants, and who join in Scherer's motion. For the sake of simplicity, we will refer only to Scherer, SBFSC and the four developers.

3. Scherer had already answered Murr's original complaint. See Fed.R.Civ.P. 15(a).

4. Murr alleges damages stemming from its furnishing of labor and materials on fourteen sites. However, Murr inexplicably includes a fifteenth property in paragraph 18.

scheme.[5] The district court declined to exercise supplemental jurisdiction over the two pendent state law claims, and Murr timely appealed.

## II. DISCUSSION

■ Summary judgment is appropriate when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. *Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 319, 130 L.Ed.2d 280 (1994); Fed.R.Civ.P. 56(c). We review a grant of summary judgment de novo, applying the same standard as the district court. *Egan*, 23 F.3d at 1446.

Murr identifies three claimed errors in its appeal. First, Murr argues that the district court improperly required it to plead "particulars of false representation or misrepresentation as part of [its] RICO claim." Second, Murr argues that the dismissal of its second amended complaint was improper because the district court had twice denied motions to dismiss Murr's original complaint. Finally, Murr argues that a Rule 9(b) challenge was not properly before the court, and therefore could not provide a basis for dismissal. We have carefully reviewed these arguments, and we find them to be without merit. We address each in turn.

## A. Were mail and wire fraud pleaded with the specificity required by Rule 9(b)?

■ Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." The particularity requirements of Rule 9(b) apply to allegations of mail fraud,

18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343, when used as predicate acts for a RICO claim. *Flowers v. Continental Grain Co.*, 775 F.2d 1051, 1054 (8th Cir.1985) (applying Rule 9(b) to § 1341 and noting that allegation of criminal conduct justifies requirement of greater specificity); *see* Jed S. Rakoff & Howard W. Goldstein, *RICO: Civil and Criminal Law and Strategy* 1–14 to 1–16 (1989 & Supp.1994); Arthur F. Mathews et al., *Civil RICO Litigation* 9–9 to 9–19 (2d ed. 1992).

■ " 'Circumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir.1982), *adhered to on reh'g*, 710 F.2d 1361 (8th Cir.) (en banc), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). We agree with Murr that proof of a § 1341 or a § 1343 violation does not require proof of a misrepresentation of .fact.[6] *Atlas*, 886 F.2d at 990–91; *Clausen*, 792 F.2d at 104–05. It follows that a RICO claim based upon the predicate acts of mail or wire fraud does not require an allegation of a misrepresentation or common law fraud. *Atlas*, 886 F.2d at 990–91. However, despite Murr's assertions to the contrary, the district court did not dismiss Murr's complaint because it failed to allege the elements of common law fraud. Rather, the district court dismissed Murr's complaint because it was "compelled to find that [Murr] has failed to plead its allegation of fraud with the specificity required by Rule 9(b), Fed.R.Civ.P." Appellant's App. at 12; *see id.* at 9–11. Because Murr has failed to allege the elements of mail and wire fraud with the required particularity, the district

---

**5.** Because we decide this appeal on the basis of Rule 9(b), we do not reach the district court's alternative holding or the numerous other problems with the complaint. We also do not consider Murr's Rule 56(f) argument raised for the first time on appeal. *Avila v. Travelers Ins. Co.*, 651 F.2d 658, 660 (9th Cir.1981).

**6.** The mail and wire fraud statutes encompass two types of frauds: those in which misrepresentations are made, and those in which no misrepresentations are made. *United States v. Clausen*, 792 F.2d 102, 104–05 (8th Cir.), *cert. denied*, 479

U.S. 858, 107 S.Ct. 202, 93 L.Ed.2d 133 (1986). In a case of mail or wire fraud that does not involve a misrepresentation of fact, the "circumstances" referred to in *Bennett* would consist of four elements: (1) a scheme to defraud; (2) intent to defraud; (3) reasonable foreseeability that the mails (or wires) would be used; and (4) use of the mails (or wires) in furtherance of the scheme. *See* 8th Cir. Model Criminal Jury Instruction 6.18.1341 (1994); *Atlas Pile Driving Co. v. Dicon Fin. Co.*, 886 F.2d 986, 991 (8th Cir. 1989).

court's entry of summary judgment dismissing the RICO action was proper.

**B. Do prior rulings by the district court that Murr's original complaint satisfied Rule 9(b) preclude dismissal of the second amended complaint for failure to comply with the requirements of Rule 9(b)?**

■ Although Murr provides no authority or principle of law to support this argument, we interpret it as an argument based upon the "law of the case" doctrine. Thus conceived, Murr's argument is that the district court's two previous denials of Scherer's motions to dismiss (in the March 26 and May 20 orders) establish the law of the case, and are binding on subsequent stages of the case. This argument suffers from two problems. First, it is wrong on the facts. Second, it is wrong on the law.

The factual premise for Murr's argument is that the district court previously decided that Murr's second amended complaint satisfied Rule 9(b).[7] This contention is completely unsupported by the record. Murr relies upon two orders entered by the district court on March 26, 1993, and May 20, 1993. However, both orders are nothing more than an exercise of that court's discretion to allow Murr a chance to amend its complaint to avoid Rule 9(b) dismissal; they are not decisions that Rule 9(b) was in fact satisfied. *See New England Data Servs., Inc. v. Becher,* 829 F.2d 286, 290–91 (1st Cir.1987) (adopting two-step evaluation of Rule 9(b) challenges to RICO mail and/or wire fraud complaints); *compare Varnberg v. Minnick,* 760 F.Supp. 315, 327 (S.D.N.Y.1991) (summary judgment of dismissal entered where no specific allegations of fraud after third amendment of complaint) *with Nagle v. Merrill, Lynch, Pierce, Fenner & Smith,* 790 F.Supp. 203, 210 (S.D.Iowa 1992) (dictum) (if deciding issue, court would permit amendment). Put differently, the denial of the motion to dismiss was not a decision on the

merits of that motion, but was a means of postponing decision on the merits. Our interpretation of the orders is confirmed by Judge Rosenbaum's comments at the October 2, 1992 hearing that clearly indicate that he considered the complaint anything but sufficient. Appellees' App. at 132. Judge Rosenbaum reiterated his concerns over the sufficiency of the complaint at the November 10, 1993 hearing on the motion for summary judgment. *Id.* at 143, 149–50. In light of Judge Rosenbaum's repeated display of dissatisfaction with the lack of specificity in the complaint, it is beyond belief that he ruled the complaint sufficient.

■ Moreover, even if Judge Rosenbaum had ruled the complaint to be sufficiently particular, the doctrine of law of the case is applicable only to final judgments, not to interlocutory orders. The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment. *Lovett v. General Motors Corp.,* 975 F.2d 518, 522 (8th Cir. 1992). An order denying a motion to dismiss a complaint under Rule 9(b) is interlocutory in this sense. *Id.* Thus, we find no error in this regard in the district court's grant of summary judgment.

**C. Was the issue whether the complaint satisfied Rule 9(b) properly before the district court at the November 10, 1993 summary judgment hearing?**

■ Because Scherer's motion was accompanied by matters outside the pleadings, the district court properly treated it as a motion for summary judgment. Fed. R.Civ.P. 12(c); *Kaufman v. St. Louis S.I. Ltd.,* 18 F.3d 610, 611 (8th Cir.1994). A district court may enter summary judgment dismissing a complaint alleging fraud if the complaint fails to satisfy the requirements of Rule 9(b). *See, e.g., Varnberg,* 760 F.Supp. at 326–27. Murr argues that it received no notice of the impending summary judgment

---

**7.** We note that the orders of March 26 and May 20 dealt with motions to dismiss the original complaint, not the second amended complaint. A decision that the original complaint was sufficient does not necessarily say anything about the sufficiency of the second amended complaint.

However, we will assume for the sake of decision that the complaints are sufficiently similar that a final judgment as to the sufficiency of the original complaint would resolve the issue of the sufficiency of the second amended complaint under the doctrine of law of the case.

and that the district court may not enter summary judgment on grounds not urged by the moving party without giving notice to the nonmoving party. However, the record is clear that Murr received ample notice. Scherer moved for summary judgment based in part upon Murr's failure to comply with Rule 9(b) on October 13. Although not specifically labeled a Rule 9(b) argument, Scherer's memorandum in support of its motion for summary judgment is replete with challenges to the sufficiency of the allegations of fraud. *See, e.g.,* Appellees' App. at 4–7, 8 n. 1, 12, 19. Scherer's reply again argued lack of particularity. Appellees' App. at 39. The hearing on the motion did not occur until November 10, almost a month later. In light of the vigor with which Scherer pressed its Rule 9(b) argument and the time that Murr had in which to respond, it is clear that the Rule 9(b) issue was properly before the district court. *Davis v. Johnson Controls,* 21 F.3d 866, 867 (8th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 426, 130 L.Ed.2d 340 (1994).

### III. CONCLUSION

Rule 9(b) as applied to RICO actions predicated upon mail and/or wire fraud requires that the elements of these offenses be alleged with particularity. Because Murr's conclusory allegations failed to allege the elements of the predicate offenses with particularity, the district court properly entered summary judgment dismissing the complaint for failure to satisfy Rule 9(b). The issue was properly before and properly decided by the district court.