**INTERNATIONAL COMMUNICATION MATERIALS, INC., Plaintiff–Appellee,**

v.

**RICOH COMPANY, LTD., and Ricoh Corporation, Defendants–Appellants.**

No. 95–1526.

United States Court of Appeals, Federal Circuit.

March 4, 1997.

nia denying Ricoh's motion for a preliminary injunction against Appellee, International Communication Materials, Inc. (ICMI). *Ricoh Co. v. Int'l Communication Materials, Inc.*, 93–1196 (W.D.Pa. Aug. 17, 1995). We affirm.

## BACKGROUND

This litigation originated in 1993, when Ricoh sued ICMI for, *inter alia,* infringement of U.S. Patents Nos. 4,611,730 and 4,878,603 on toner cartridges for photocopiers (the '730 and '603 patents). The 1993 suit resulted in a permanent injunction, issued in 1994, against ICMI and a consent order whereby ICMI conceded that the '730 and '603 patents were valid and infringed.

Shortly after the 1993 lawsuit was filed, ICMI began an effort to "design around the '730 and '603 patents." In January of 1995, ICMI provided Ricoh with a prototype of its redesigned cartridge and informed Ricoh that ICMI intended to market it. Ricoh was of the opinion that ICMI's redesign was an insubstantial modification of ICMI's previous cartridges, which admittedly infringed Ricoh's patents.

As a result of ICMI's intention to market its redesigned cartridge, Ricoh's attorney delivered an 8–page letter, on May 18, 1995, to United States District Judge Donald E. Ziegler, who issued the permanent injunction in 1994, requesting an "immediate conference" to address ICMI's alleged violation of the permanent injunction. Ricoh informed Judge Ziegler that ICMI's redesigned cartridge "infringes at a minimum claim 1 of the '603 patent" and filed a motion to hold ICMI in contempt for violation of the 1994 injunction. In turn, ICMI, on May 19, 1995, filed a declaratory judgment action seeking a declaration of noninfringement of the '603 patent. Ricoh counterclaimed for patent infringement and moved for a preliminary injunction.

The district court held that the "clear weight of the evidence establishes that the modified cartridge of ICMI does not fall within the admitted and adjudicated scope of the claims." Specifically, the court stated that the "evidence preponderates that

J. Bruce McCubbrey, Coudert Brothers, San Francisco, CA, argued, for plaintiff-appellee. With him on the brief were Stanley D. Ference III and Frederick H. Colen, Reed Smith Shaw & McClay, Pittsburgh, PA, and Robert D. Becker, Coudert Brothers, San Francisco, CA.

Lawrence B. Friedman, Cleary, Gottlieb, Steen & Hamilton, New York City, argued, for defendants-appellants. With him on the brief were Joshua H. Rawson and David H. Herrington. Of counsel on the brief were Arthur I. Neustadt and Robert T. Pous, Oblon, Spivak, McClelland, Maier & Neustadt, P.C., Arlington, VA.

Before RICH and MAYER, Circuit Judges, and COWEN, Senior Circuit Judge.

RICH, Circuit Judge.

Appellants, Ricoh Company, Ltd. and Ricoh Corporation (collectively Ricoh), appeal from the order of the United States District Court for the Western District of Pennsylva-

[ICMI's] redesigned cartridge does not infringe claim 1 of the '603 patent." Therefore, Ricoh's motion for a preliminary injunction was denied because, according to the court, Ricoh failed "to prove likely success on the merits." Of particular importance, however, is that the court also found "that there are substantial open issues and questions that must be litigated before a finding of infringement can be made, including claim interpretation and whether rotation of less than the entire cartridge constitutes infringement."

Ricoh appeals the district court's denial of its motion for a preliminary injunction, and its correctness is the sole issue now before us.

### DISCUSSION

This case presents us with the following question: Did this district court abuse its discretion by deferring, at the preliminary injunction stage, final determination of the meaning of a patent claim when the court perceives that there are substantial issues and questions pertaining to claim construction that need to be litigated? We hold that it did not.

■ We have held that the standard of review of a district court's denial of a preliminary injunction motion is narrow. As this court stated in *Smith International, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1579, 219 USPQ 686, 691 (Fed.Cir.1983), "[o]ne denied a preliminary injunction must meet the heavy burden of showing that the district court abused its discretion, committed an error of law, or seriously misjudged the evidence."

Ricoh argues that the district court's denial of its preliminary injunction motion "depended entirely on the court's" erroneous construction of Claim 1 of the '603 patent. The Supreme Court has recently held that

claim construction is a question for a judge to decide. *Markman v. Westview Instruments, Inc.*, —— U.S. ——, ——, 116 S.Ct. 1384, 1395, 134 L.Ed.2d 577, 38 USPQ2d 1461, 1470 (1996) ("[W]hen an issue 'falls somewhere between a pristine legal standard and a simple historical fact, the fact/law distinction at times has turned on a determination that, as a matter of the sound administration of justice, one judicial actor is better positioned than another to decide the issue in question.' So it turns out here, for judges, not juries, are the better suited to find the acquired meaning of patent terms.").

■ Turning to the case before us, the district court stated that ICMI's "redesigned cartridge does not infringe claim 1 of the '603 patent, because the redesigned cartridge does not rotate, as called for by the claim, and the mouth portion is not in sealing and rotational engagement with a cap-shaped receptacle." This immediately followed the court's statement that there are "substantial open issues and questions that must be litigated before a finding of infringement can be made, including claim interpretation[1] and whether rotation of less than the entire cartridge constitutes infringement." Furthermore, during oral argument, ICMI stated, and Ricoh did not dispute, that discovery was ongoing and the material presented to the district judge pertaining to claim interpretation was incomplete.[2] *See Metaullics Sys. Co. v. Cooper*, 100 F.3d 938, 40 USPQ2d 1798 (Fed.Cir.1996).

It seems to us that where a district court judge, as in the present case, acknowledges that "there are substantial open issues and questions that must be litigated" pertaining to claim construction and has made a determination that the movant is unlikely to succeed on the merits (prove infringement), our role as an appellate court, absent an abuse of

---

**1.** For example, during oral argument, counsel for ICMI stated, and Ricoh did not dispute, that "clearly there will be additional evidence [of claim interpretation] presented during the course of the motion for summary judgment [currently pending before the district court] and, if the case goes to trial, there will be additional evidence presented then. That may include the testimony of experts, it may not."

**2.** In fact, during oral argument, counsel for ICMI stated that "I believe that if the [Federal Circuit] exercises claim interpretation at this point basically what it is doing is rendering an advisory opinion to Judge Ziegler, and at the present time there is a motion for summary judgment pending and ... the discovery period has not closed. So I believe such an opinion on claim construction would be premature."

discretion, should be to provide the district judge and parties the opportunity to complete the picture. We do not regard it as our function under these circumstances to definitively construe claim 1 of the '603 patent, or to review as if from final judgment the district court's tentative construction without the more complete record that the district court deemed necessary to its own final decision. Here, we review only the district court's tentative claim construction and its resulting finding on the likelihood of successfully proving infringement, which form an adequate basis for our affirming its denial of the preliminary injunction.

**AFFIRMED.**