CLEVENGER, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Carlos F. Bell-Outlaw’s appeal because of lack of jurisdiction or in the alternative, to summarily affirm the Court of Appeals for Veterans Claims’ decision. Bell-Outlaw has not responded.
In the Court of Appeals for Veterans Claims Bell-Outlaw claimed to be appealing from a November 13, 2000 final decision of the Board of Veterans’ Appeals (BVA). Bell-Outlaw did not submit a copy of a November 13, 2000 BVA decision; instead, he provided the Court of Appeals for Veterans Claims with a Merit Systems Protection Board (MSPB) decision of that same date. The Secretary advised the Court of Appeals for Veterans Claims that no final BVA decision in Bell-Outlaw’s name had issued on or around November 13, 2000. Because the Court of Appeals for Veterans Claims determined that it had no jurisdiction to review an MSPB decision, it dismissed Bell-Outlaw’s claim for lack of jurisdiction. See 38 U.S.C. § 7266(a) (granting the Court of Appeals for Veterans Claims authority to review final decisions of the BVA). Bell-Outlaw appealed the dismissal to the Court of Appeals for the District of Columbia Circuit, which transferred the case to this court.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
*669 In his informal brief, Bell-Outlaw concedes that his arguments do not implicate a constitutional issue or the validity or interpretation of a statute or regulation relied on by the Court of Appeals for Veterans Claims. Thus, we do not have jurisdiction to review Bell-Outlaw’s appeal. See 38 U.S.C. § 7292(d); Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir. 1992).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) The Secretary’s alternative motion to summarily affirm is moot.
(4) Each side shall bear its own costs.