**KEMIN FOODS, L.C., the Catholic University of America, Plaintiff,**

v.

**PIGMENTOS VEGETALES DEL CENTRO S.A. DE C.V., Defendant.**

No. 4:02–CV–40327.

United States District Court, S.D. Iowa, Central Division.

May 18, 2004.

Roger T. Stetson, Edward M. Mansfield, Belin Lamson Mccormick, Zumback & Flynn PC, Edmund J. Sease, Jeffrey D. Harty, John D. Goodhue, Christine Lebron–Dykeman, Mckee Voorhees & Sease P.L.C., Des Moines, IA, Susan K. Knoll, Scott W. Clark, Howery Simon Arnold, & White LLP, Houston, TX, for Plaintiffs.

G. Brian Pingel, Michael A. Dee, Camille L. Urban, Brown Winick Graves Gross Baskerville & Schoenebaum PLC, West Des Moines, IA, for Defendant.

### SUPPLEMENTAL ORDER ON CLAIM CONSTRUCTION

GRITZNER, District Judge.

This matter is currently before the Court on Defendant's Motion to Amend Claim Construction (Clerk's No. 151). The pending motion was precipitated by the Federal Circuit's decision on this Court's prior order on Plaintiff's motion for preliminary injunction (see Clerk's No. 162). Based on that decision, and recognizing this Court did not have the benefit of the Federal Circuit decision until March 17, 2004, Defendant requested that the Court revisit its Order on Claim Construction as filed January 13, 2004 (Clerk's No. 120).

Plaintiff has resisted the Defendant's current motion. Plaintiff argues the motion is procedurally deficient whether brought pursuant to Fed.R.Civ.P. 59(e) or 60(b). Plaintiff further argues the claim construction in the Federal Circuit decision is not binding on this Court or the Federal Circuit in any later determination, and that the claim construction of this Court and of the Federal Circuit is essentially consistent. In the alternative, and in the event this Court is considering a change in the claim construction, Plaintiff asks that the Court allow a renewed claim construction hearing.

### Procedure

■ While the Defendant's motion is captioned as a motion to amend the claim construction under Rule 59(e), other avenues would appear to provide easier access to the relief sought. The Court must concur with Plaintiff that on this record it is difficult to find the motion is timely as captioned. Fed.R.Civ.P. 59(e). An alternative might be relief under Rule 60(b) under the general provision for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). Proceeding under Rule 60(b) requires a finding of exceptional circumstances, *see Brooks v. Ferguson–Florissant Sch. Dist.*, 113 F.3d 903, 904 (8th Cir.1997); but an incorrect claim construction that would be relied upon throughout further, complicated, patent litigation, would suggest exceptional circumstances. At bottom, however, this Court recognizes its inherent power to modify an interlocutory order when the Court is convinced the order is flawed. *Murr Plumbing, Inc. v. Scherer Bros., Financial Services, Co.*, 48 F.3d 1066, 1070 (8th Cir.1995). Accordingly, the Court will revisit its order on claim construction.

### Amending Claim Construction

On review of this Court's order on the preliminary injunction, the Federal Circuit held "it was error for the court to have read the limitation 'suitable for human consumption' into the claims, either as an alternative to the 90% minimum or in conjunction with it." (Clerk's No. 162, Federal Circuit Opinion, p. 12) Based upon its review of the claim language and the specification, the Federal Circuit rather found "the claimed compositions must contain lutein crystals that are greater than about 90% pure, significantly less than 10% of other carotenoids, and no traces of toxic chemicals." *Id.* Thus, Defendant now asks this Court to modify its prior claim construction to adopt that of the Federal Circuit on this specific issue.

■ "Neither the district court's finding on the preliminary injunction nor [the Federal Circuit's] order ... [on] the court's ruling constitutes law of the case on that issue or on claim construction." *Balboa Instruments, Inc. v. Gecko Electronique, Inc.*, 31 Fed.Appx. 658, 661, 2002 WL 450075, at *3 (Fed.Cir.2002) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981)). In other words, the Federal Circuit's decision on claim construction at the preliminary injunction stage is not binding on the district court at later stages of the proceedings. *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed.Cir. 2002); *see also Transonic Sys., Inc. v. Non–Invasive Med. Techs. Corp.*, 75 Fed. Appx. 765, 774, 2003 WL 22017533, at *7 (Fed.Cir.2003) ("We have consistently followed the Supreme Court's precedent by holding that a claim construction reached during an appeal from a grant of a preliminary injunction is tentative and is not binding on the district court in subsequent proceedings.") (citing *Jack Guttman, Inc.*, 302 F.3d at 1361).

The Federal Circuit has made it clear that a district court may issue a tentative

claim construction as a basis for resolution of a preliminary injunction motion. *Jack Guttman, Inc.*, 302 F.3d at 1361 (citing *Int'l Communication Materials, Inc. v. Ricoh Corp.*, 108 F.3d 316, 318–19 (Fed. Cir.1997)). The Federal Circuit has further held that "[d]istrict courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Id.* (citing *Sofamor Danek Group, Inc. v. DePuy–Motech, Inc.*, 74 F.3d 1216, 1221 (Fed.Cir.1996)); *see also Oakley, Inc. v. Sunglass Hut, Int'l*, 316 F.3d 1331, 1345 n. 3 (Fed.Cir.2003) (cautioning district courts on using claim construction based on a preliminary record).

■ This rolling claim construction is allowed because " 'findings of fact and conclusions of law at the preliminary injunction state are subject to change ....' " *Jack Guttman, Inc.*, 302 F.3d at 1361 (quoting *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1363 (Fed.Cir.2001)). Indeed, the final claim construction is based upon the final and complete record in the case whereas any claim construction at earlier stages of the litigation is often based on an incomplete record. *See CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1160 n. 7 (Fed.Cir.1997) (reviewing trial court's final claim construction based on the final and complete record even though prior panel reviewed claim construction at preliminary injunction stage and found the district

court erred in rejecting defendant's proffered claim construction). Therefore, the parties may argue for a different claim construction at the *Markman* hearing than that adopted by the court while ruling on a preliminary injunction motion. *See Balboa Instruments, Inc.*, 31 Fed.Appx. 658, 661, 2002 WL 450075, at *3 (finding defendant free to argue for different claim construction in subsequent proceedings).

■ Based on these rules, the Court "is at liberty to change the construction of a claim term as the record in a case evolves after a preliminary injunction appeal." *Transonic Sys., Inc. v. Non–Invasive Med. Techs, Corp.*, 75 Fed.Appx. 765, 774, 2003 WL 22017533, at *7. This does not, however, preclude the Court from adopting the construction reached by the Federal Circuit as part of a preliminary injunction appeal. *See id.*

■ Based upon this backdrop, the Court has carefully reviewed its prior claim construction in light of the Federal Circuit's determination.[1] While neither this Court nor the Federal Circuit is bound by the appellate determination, that determination is very persuasive. The Court views the claim construction employed by the Federal Circuit to be a more precise analysis, highly likely to be followed upon any further review, and more appropriate for any further purposes in this litigation. While fitness for human consumption may most often be the result of the '714 patent, the Court is convinced that limitation is not found in the patent.[2]

---

1. Given this Court's prior detailed discussion of the applicable law on claim construction and the opinion of the Federal Circuit, it is unnecessary to repeat that discussion herein.

2. A court should not read into a claim a limitation that it does not contain. *See Texas Instruments, Inc. v. U.S. Int'l Trade Comm'n*, 871 F.2d 1054, 1065 (Fed.Cir.1989); *see also Kemco Sales, Inc. v. Control Papers Co.*, 208 F.3d 1352, 1362 (Fed.Cir.2000) (quoting *Lai-*

*tram Corp. v. NEC Corp.*, 163 F.3d 1342, 1348 (Fed.Cir.1998), for the rule that a limitation in the written description cannot be read into a claim that does not appear in the claim); *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed.Cir.1985) (finding that limitations appearing in the preferred embodiment of the invention as described in the specification should not be read into a claim that does not contain any such limitation). In other words, the court should neither broaden

The prior claim construction was based upon intrinsic evidence (see Order On Claim Construction, p. 20). The issue now before the Court on Defendant's motion to amend the claim construction had been determined essentially on the same record that was available to the Federal Circuit on review of the preliminary injunction. The Court finds no basis for a renewed *Markman* hearing for the purpose of clarifying the claim construction as needed.

### Conclusion

The Court has determined its prior Order on Claim Construction (Clerk's No. 120) should be modified to more precisely construe the claims for purposes of this litigation. The Defendant's Motion to Amend Claim Construction (Clerk's No. 151), must be **granted**. Plaintiff's alternative request for a renewed hearing on claim construction (Clerk's No. 156) is **denied**. The Court has determined that the limitation "suitable for human consumption" should be removed from the claim construction, both in the disjunctive and the conjunctive, and the Court's Order on Claim Construction of January 12, 2004 is vacated to that limited extent. The January 12, 2004 claim construction is hereby amended to find the limitations covered by claim 1 of the '714 patent are greater than about 90% pure, have significantly less than 10% of other carotenoids, and no traces of toxic chemicals. Other than as vacated and modified herein, the Court's prior Order on Claim Construction, dated January 12, 2004, is unchanged.

**IT IS SO ORDERED.**

nor narrow the claims and give the patentee something other than that set forth in the claims. *Bell Communications Research, Inc. v. Vitalink Communications Corp.*, 55 F.3d 615, 619 (Fed.Cir.1995) (citing *Autogiro Co. of America v. U.S.*, 181 Ct.Cl. 55, 384 F.2d 391, 396 (1967)).