NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1138

WORLD KITCHEN (GHC), LLC and HELEN OF TROY LIMITED,

Plaintiffs,

and

OXO INTERNATIONAL LTD.,

Plaintiff-Appellant,

v.

ZYLISS HAUSHALTWAREN AG and
ZYLISS USA CORPORATION
(formerly known as Diethelm Holding (California) Limited),

Defendants-Appellees.

———————————————

DECIDED: October 14, 2005

———————————————

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and SCHALL, Circuit Judge.

ARCHER, Senior Circuit Judge.

OXO International Ltd. ("OXO") appeals the judgment of the United States District Court for the Northern District of Illinois denying OXO's motion for a preliminary injunction. World Kitchen (GHC) v. Zyliss Haushaltwaren AG, No. 04 C 2999 (N.D. Ill. Nov. 24, 2004). We find no error in the district court's claim construction of U.S. Pat. No. 6,018,883 ("the '883 patent") and conclude that the court did not abuse its discretion in denying the preliminary injunction. Therefore, we affirm the district court's judgment.

The '883 patent is directed to a salad spinner. OXO asserts that defendants' (collectively "Zyliss") "Easy Spin – Salad Spinner With Glidewheel Motion" infringes the '883 patent. Claim 1 of the '883 patent, the only independent claim, reads as follows:

> 1. A device for drying food comprising:
> a container including a bowl having a sidewall terminating at a top edge defining an opening and a cover removably connected to the bowl and substantially covering the opening;
> a basket assembly disposed in the bowl and rotatable relative to the container about an axis, the basket assembly including a basket having a sidewall terminating at a top edge and a lid releasably coupled to the top edge of the basket; and
> a brake assembly carried by the cover and engageable with the lid to apply a frictional force to the lid for stopping rotation of the basket assembly.

'883 patent, col. 8, ll. 6-19.

At issue here are the claim terms "removably connected" and "lid." The district court determined that the term "removably connected" implied "a more permanent connection than a cover that simply rests on a bowl and is removable" and concluded that "removably connected" "require[d] a tighter interface than simply laying one thing on top of another." World Kitchen, No. 04 C 2999, slip op. at 9. As to the term "lid," the court appears to have adopted the ordinary meaning of the term: "something that covers the opening of a hollow container." Id. at 11. The court further explained that this definition did not encompass parts that were "secondarily attached" to the structure that covers the hollow opening. Id. Based on its claim construction, the court found that Zyliss's salad spinner did not infringe the '883 patent.[1] The court further determined that OXO was not entitled to a presumption of irreparable harm and that the balancing

---

[1] The court also noted that Zyliss had raised various invalidity defenses that "appear to have arguable merit." World Kitchen, No. 04 C 2999, slip op. at 14.

of the hardships weighed in favor of Zyliss. As a result, the district court denied OXO's motion for a preliminary injunction.

OXO appeals this judgment, and we have jurisdiction pursuant to 28 U.S.C. § 1292(c)(1).

## II

## A

The grant or denial of a preliminary injunction is within the sound discretion of the district court. Hoop v. Hoop, 279 F.3d 1004, 1006 (Fed. Cir. 2002). We have stated that we may reverse the district court's denial of a motion for preliminary injunction only upon a showing that the court "abuse[d] its discretion based upon an error of law or serious misjudgment of the evidence." Id. Thus, "the standard of review of a district court's denial of a preliminary injunction is narrow." Int'l Communication Materials, Inc. v. Ricoh Co., 108 F.3d 316, 318 (Fed. Cir. 1997).

To be entitled to a preliminary injunction, the moving party bears the burden of proving that "(1) it has a reasonable likelihood of succeeding on the merits; (2) it will suffer irreparable harm if the injunction is not granted; (3) the balance of hardships tips in its favor; and (4) an injunction would be consistent with the public interest." Helfix Ltd. v. Blok-Lok Ltd., 208 F.3d 1339, 1350-51 (Fed. Cir. 2000). Additionally, a preliminary injunction should be denied if the alleged infringer asserts a non-infringement or invalidity defense that the patentee cannot prove lacks "substantial merit." Genentech, Inc. v. Novo Nordisk, 108 F.3d 1361, 1364 (Fed. Cir. 1997).

In determining whether the district court abused its discretion in denying OXO's motion for a preliminary injunction, we examine whether OXO "clearly showed" that it

would likely succeed on the merits with respect to infringement. <u>Nutrition 21 v. United States</u>, 930 F.2d 867, 870-71 (Fed. Cir. 1991). This, of course, requires ascertaining the scope and meaning of the asserted claims. In determining the meaning of disputed claim terms, we look first to the intrinsic evidence of record, examining the claim language itself, the specification, and the prosecution history. <u>Interactive Gift Express, Inc. v. Compuserve, Inc.</u>, 256 F.3d 1323, 1331 (Fed. Cir. 2001) (citing <u>Vitronics Corp. v. Conceptronic, Inc.</u>, 90 F.3d 1576, 1582 (Fed. Cir. 1996)).

B

As the district court noted, "connected" means joined or linked together. <u>World Kitchen</u>, No. 04 C 2999, slip op. at 9. The phrase "removably connected" suggests that whatever items are connected can be severed from each other. We, therefore, agree with the district court that "[t]he use of the term 'removably' before the term 'connected' implies a more permanent connection than a cover that simply rests on a bowl and is removable," <u>id.</u>, as opposed to OXO's proposed construction which merely requires that something "only be in contact with . . . and be removable from the bowl."

There is nothing in the claim language, the specification, or the prosecution history of the '883 patent to suggest that the term "removably connected" means anything other than its ordinary meaning. Indeed, the only occurrence of the phrase, other than in the claim, is a statement in the summary of the invention that simply recites much of the language contained in claim 1:

> Certain ones of these and other features of the invention may be attained by providing a device for drying food which includes a container having a bowl and a cover removably connected to the bowl, a basket assembly disposed in the bowl and rotatable relative to the container about an axis, and a brake assembly carried the [sic] container, the brake assembly being engageable with the basket assembly for stopping rotation thereof.

'883 patent, col. 1, ll. 57-64.  The only guide provided in the written description as to what "removably connected" means in the context of the patent is in an embodiment[2] of the claimed invention which describes a "friction fit" between the cover and the bowl.  Id. at col. 3, l. 59.  A friction fit clearly requires more than simply laying one object on top of another.[3]

Accordingly, we conclude, as the district court did, that the term "removably connected" requires a tighter interface than simply laying one item on top of another.

C

With respect to the claim term "lid," the district court appears to have relied on the ordinary meaning of the term:  "something that covers the opening of a hollow container."  World Kitchen, No. 04 C 2999, slip op. at 11.  The court also concluded that this definition did not include items that are secondarily attached to the lid that do not serve the function of covering the opening of the hollow container.

Such a construction is supported by the specification in that each of the structural elements referred to as being part of the "lid" (peripheral side wall 56 having a plurality of ribs 58, annular surface 60, bottom surface portion 64, frustoconical-shaped surface

---

[2]    We are not convinced by OXO's assertion that the embodiment of the salad spinner that includes the brake assembly – pictured in Figures 20-27 – shows a different connection than the embodiment illustrated in Figures 1-20.  Indeed, the difference between the two embodiments is the inclusion of a braking assembly and not how the cover fits with the bowl.

[3]    We reject OXO's argument that our construction of the term "operatively connected" in Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc., 381 F.3d 1111 (Fed. Cir. 2004), controls this case.  Innova/Pure Water involved a different patent, with different claims, written description, and prosecution history.  We also reject OXO's contention that the district court read a friction fit limitation into the claim.  The court simply used a "friction fit" relationship to describe something that is "removably connected," as the written description does.

portion 62, upwardly projecting portion 66, and plug 75, '883 pat. col. 3, ll. 32-55) performs or otherwise contributes to the covering function which accords with the ordinary meaning of the term lid.

OXO contends that the district court improperly limited the term lid solely to a unitary structure that covers the opening of the basket and that cannot include any interconnected or attached component that performs any function other than covering the bowl. This is an unnecessarily narrow reading of the district court's claim construction, as there is no suggestion in the court's opinion that the lid structure need be unitary. Moreover, the district court simply explained that even though the brake disc is attached to the lid and integral to making the lid stop rotating, the brake disc is not a part of the lid because it does not participate in covering "the opening of a hollow container."

III

In sum, we agree with the district court's claim construction and its conclusion that OXO has not demonstrated a reasonable likelihood of success on the merits in view of this construction. We see no abuse of discretion in the denial of OXO's motion for a preliminary injunction. Accordingly, we affirm the judgment of the district court.